# McClure ·v. The State.

*Selling Liquor Without License.*

(Decided Jan. 15th, 1907. 42 So. Rep. 813.)

1. *Intoxicating Liquors; Prosecution; Sufficiency of Indictment.*— An indictment charging that defendant did sell, give away or otherwise dispose of spirituous, vinous or malt liquors without a license and contrary to law, sufficiently charges the violation of a county prohibition law.

2. *Same; Election of Offenses.*—Where the state elected to prosecute for a specific sale, it was error to admit proof of other sales by the defendant.

3. *Same; Place of Sale.*—Where whiskey was delivered at one place on an order received at another place, the place of delivery was the place of sale.

4. *Criminal Law; Trial; Instructions.*—Where several instructions are requested as an entirety, and one of them is erroneous, all are properly refused.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

The indictment was in the following language: "The grand jury of said county charge that before the finding of this indictment that Dave McClure, alias Dave Mc-Crory, sold spirituous, vinous, or malt liquors without a license and contrary to law; (2) that Dave McClure, alias Dave McCrory, did sell, give away, or otherwise dispose of spirituous, vinous, or malt liquors without a license and contrary to law; (3) that Dave McClure, alias Dave McCrory, did sell, give away, or otherwise dispose of spirituous, vinous, or malt liquors within three miles of Woodward's coal mine, in Bethleham Beat, in Jefferson county, Alabama—against the peace and dignity of the state of Alabama."

The defendant demurred to the first count, because the act establishes a prohibition district in Jefferson county, except in incorporated towns and cities having police regulation both by day and by night, and it is not alleged that defendant is not within the exception; (2) because it is not alleged in said indictment that the sale was made outside of a town or city in said county having police regulation, from all of which it appears that it is not clear whether defendant is charged with a violation of a general state law or a special prohibition law. To the second count, all the grounds set down and assigned to the first count, and because there are three alternative or disjunctive averments in said count, two of which, namely, to give away or otherwise dispose of without a license and contrary to law, do not charge any criminal offense, and because it is not unlawful to give away or otherwise dispose of such liquors, unless done

[McClure v. The State.]

in violation of some local law making this mode of disposition unlawful.

Johnson, a witness for the state, testified that during the month of August, 1905, he obtained from the defendant a quart of whisky, which was delivered to him by defendant at Dolomite on an order "which I had previously sent to him at his place of business in Wylam, Ala. When the whisky was delivered to me, I paid the defendant $1." The court, over the objection of the defendant, permitted proof of other sales to other parties.

The bill of exceptions recites: "The defendant further requested the court to give to the jury the following written charges, numbered 1, 2, 3, 4, 5, 6, and 11. The court refused to give to the jury the charges so requested by the defendant, and wrote thereupon: 'Refused. William Jackson, Judge'—to which action of the court in refusing to give each of said charges to the jury the defendant then and there duly and seasonably reserved an exception thereto." Among these charges was charge 6, which is as follows: "I charge you, gentlemen, that if you believe from the evidence in this case that the whisky delivered to Johnson had been previously ordered by Johnson, and the defendant accepted said order in the town of Wylam, Ala., then you must acquit the defendant."

WINKLER & MOORE, for appellant.—It will be noted that the exception referred to forms a part of the enacting clause and the indictment should have alleged that the defendant did not come within the operation of the exception and the demurrer should have been sustained. —1 Wharton Crim. Law, § 397; 1 Bishop Crim. Proc. §§ 631-632; *Becker v. The State,* 8 Ohio St. Rep. 391; *Carson v. The State,* 69 Ala. 240; *Mosby v. The State,* 98 Ala. 50; *Mays v. The State,* 89 Ala. 39; *Davis v. The State,* 39 Ala. 521. The demurrer to the 2nd count should have been sustained.—*Robinson v. The State,* 100 Ala. 123; Mays Crim. Law, § 105. The court erred in allowing proof of other alleged sales.—*Elam v. The State,* 26 Ala. 48; *McPherson v. The State,* 54 Ala. 221; *Cost v. The State,* 96 Ala. 60. The sale was not made in

[McClure v. The State.]

a prohibition territory and the defendant was entitled to the affirmative charge under the proof.—*Pillgreen v. The State,* 71 Ala. 368. Defendant's motion in arrest of judgment should have been granted.—*Benjamin v. The State,* 121 Ala. 26.

MASSEY WILSON, Attorney General, for State.—No brief came to the reporter.

ANDERSON, J.—The court below sustained the demurrers to the first and third counts of the indictment and overruled the one to the second count. The second count sufficiently charged a violation of the prohibition law for Jefferson county, and the demurrer thereto was properly overruled.—*Guarreno v. State, post,* 42 South. 833.

The state having elected to prosecute for the sale made to Johnson, the trial court committed error in permitting proof of other sales made by the defendant.— *Cost v. State,* 96 Ala. 60, 11 South. 435, and authorities there cited.

It is insisted by appellant's counsel that defendant was entitled to the general charge, upon the ground that the sale was made at Wylam, and not Dolomite. There was no proof that Dolomite was within the prohibited district—that is, was not an incorporated town or city with police regulation day and night—and the defendant was entitled to the general charge, if properly requested. But as this case must be reversed, and anticipating that the state will, on the next trial, prove that Dolomite was within the prohibited district, we will diccuss the law with reference to the place of sale. Conceding the soundness of what was said in the case of *Pilgreen v. State,* 71 Ala. 368, "a sale of personal chattels in the possession of the seller is complete, and the title passes to the purchaser, when the parties agree upon the terms of sale, although the actual possession may not pass, and the purchaser may not be entitled to it, until he pays the price or performs some other stipulation." On the other hand, "if by the terms of the contract the seller is required to deliver the goods to the

[Brame v. The State.]

buyer, the title and risk remain in the seller until the transportation is at an end or the goods are delivered in accordance with the contract, after which time the title is vested in the buyer."—*Capehart v. Furman Co.*, 103 Ala. 671, 16 South. 627, 49 Am. St. Rep. 60. Moreover, there was a delivery to the buyer's agent, the express company, in the *Pilgreen Case, supra.* In the case at bar, the defendant testifies, "I received at Wylam an order from John Johnson at Dolomite ordering a quart of whisky to be delivered at Dolomite on pay day." If this be true, the title to the whisky did not become vested in the seller until the delivery at Dolomite, and which was the place of sale.

The charges asked by the defendant were so requested as to warrant a refusal by the trial court of all of them, unless they were all good.—*Gregory v. State,* 37 South. 259; *Bell v. State,* 140 Ala. 57, 37 South. 281; *Verberg v. State,* 137 Ala. 73, 34 South. 848, 97 Am. St. Rep. 17; *Glover v. State,* 40 Ala. 354. It is sufficient to say that charge 6 was bad.

For the error above pointed out, the judgment of the city court must be reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and MCCLELLAN, JJ., concur.