## T. N. SMITH v. STATE.

No. A-291.  Opinion Filed February 6, 1911.

(113 Pac. 204.)

**INTOXICATING LIQUORS—Illegal Sale—Proof of Other Sales.** Where the state charges and relies upon a particular sale to constitute a violation of the prohibition law, it is error for the court to permit proof of other sales, and to instruct the jury that the same was admitted for the purpose of showing whether or not the defendant sold the intoxicants to the particular person named in the information.

(Syllabus by the Court.)

*Appeal from LeFlore County Court; Jas. L. Hale, Judge.*

T. N. Smith was convicted of selling intoxicating liquor, and he appeals. Reversed and remanded, with directions.

*Day, Du Bois & Taylor,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, JUDGE.  The plaintiff in error, T. N. Smith, was convicted on the 4th day of May, 1909, in the county court of LeFlore county, on the charge of selling intoxicating liquor, and sentenced to 30 days in jail and a fine of $75, and has perfected his appeal to this court.

The only substantial error we find in this record is in the instructions of the court, which instructions appear to have been given orally and taken down by the stenographer, and not numbered in this record; the instruction in question being as follows:

"There is testimony allowed to come before you, showing the sale, or tending to show the sale, to another party about the same time of this alleged sale—to one Cluck. This is allowed to come before you, gentlemen of the jury, as a circumstance in the case showing whether or not this man had whisky there at his place of business for the purpose of sale, and further to show whether or not he sold it to Dr. Hays and received the money, or its equivalent, for it."

We think this instruction is clearly erroneous, and is sufficient to entitle this appellant to a new trial.

Where the state charges and relies upon a particular sale,

the general rule is that proof of other sales, for the purpose of establishing the particular sale charged, is not admissible. The issue on a criminal trial is single, and the testimony should be confined to the issue; and on trial of a person for one offense the prosecution cannot aid the proof against him by showing that he committed other offenses. Whart. Crim. Ev. par. 104; 1 Bish. Crim. Proc. par. 1120; *State v. Hughes,* 3 Kan. App. 95, 45 Pac. 94; *King v. State,* 66 Miss. 502, 6 South. 188; *Stone v. State,* 7 South. (Miss.) 500; *McClure v. State,* 148 Ala. 625, 42 South. 813.

The reason and justice of the rule is apparent, and its observance is necessary to prevent injustice in criminal prosecutions. Bishop says that "to permit such evidence would be to put a man's whole life in issue on a charge of a single wrongful act, and crush him by irrelevant matter, which he could not be prepared to meet." 1 Bish. Crim. Proc. par. 1124.

The appellant excepted to the foregoing instruction at the time it was given, and filed a motion for a new trial, complaining of it in that motion. A new trial should have been granted.

This cause is reversed and remanded, with directions to the court below to grant the appellant a new trial.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.