## FRAND CERDAY v. STATE.

No. A-6269. Opinion Filed Feb. 11, 1928.
('263 Pac. 1110.)

**154**

Walter Hubbell, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was charged by information in the county court of Cotton county, state of Oklahoma, "of selling one pint of spirituous and intoxicating liquor, to wit, corn whisky, to one J. R. Coleman," was tried by a jury, and convicted. Motion for a new trial was filed and overruled, and the case is appealed to this court for review.

Four errors alleged to have been committed by the trial court are assigned by the defendant, which are as follows:

"(1) The court erred in overruling the motion of the plaintiff in error for a new trial.

"(2) The court erred in placing the defendant upon trial without an attorney, after defendant had stated in open court that he desired an attorney and was financially unable to employ one.

"(3) The court erred in admitting incompetent and irrelevant testimony offered on the part of the state, upon the question of search and seizure of beer as corroborating evidence of the alleged sale.

"(4) The verdict is not supported by the evidence and is contrary to the law and the evidence."

Before taking up the assignment of errors we deem it necessary to state the substance of the testimony as disclosed by the record:

M. J. Coleman, a witness for the state, testified: That he had known the defendant about a year. That he remembered the occasion of going to the defendant's home about the 27th of February, and stated that he made a purchase of a pint of whisky from the defend-

ant. That he started back to his truck, which was in front of the house, when the sheriff and his deputy came and took it away from him. That he did not remember what he gave the defendant for the whisky. The county attorney asked him if it was about $2, and witness replied, "Something like that." That the sheriff "searched me in my house before I went down to defendant's house and searched my truck, and he did not find anything on me or the truck before I went to defendant's house. I didn't have any whisky concealed on me when I went to the house."

C. O. Hooper testified that he made a visit to the defendant's house on the 27th day of February; found a vehicle in front of the house; Mr. Coleman was there; took a pint of whisky off of Mr. Coleman, who was out in front of defendant's house. We went to the door of the house and knocked, and after a while the defendant came to the door, and we told him we wanted to look him over for some whisky, and he said all right; we found about 34 bottles of home-brew in the house, home-brew contains alcohol; if given sufficient time it will contain more than one-half of 1 per cent. The defendant asked the witness on cross-examination if it was not a fact that he asked him if he had any search warrant, and the witness answered, "After we had gotten through you asked me about search warrant."

C. B. Wade, called as a witness on behalf of the state, testified in substance to the same facts as Hooper. This is in substance what the testimony shows in the record. The defendant was not represented by counsel. It would seem from the record in this case that the sheriff and his deputy and Coleman conspired together to send Coleman down to the defendant's house, and Coleman was to be out in front of the house, and the sheriff was to come down and search Coleman. When

the sheriff came and searched Coleman he had a bottle of whisky and claimed that he bought it from the defendant. The action of Coleman, as disclosêd by the record, is not to be commended, and we regret to say that the action of the sheriff and his deputy in going into the home of the defendant as they did, without a search warrant and without any authority other than that authority which belongs to those who are charged with the duty of enforcing the law and yet are willing to violate the law in order to try to procure testimony against one, that so far as this record shows was peacefully in his home with his wife at the time, disturbing no one. The defendant in this case may be guilty of the offense charged, but the record clearly shows that he did not have a fair and impartial trial and was denied his constitutional right by the trial court.

The first and second assignment of errors of the defendant will be considered together, as they relate to the same question of law. Section 2590, C. O. S. 1921, is as follows:

"If the defendant appear for arraignment, without counsel, he must be informed by the court that it is his right to have counsel before being arraigned, and must be asked if he desire the aid of counsel. If he desires, and is unable to employ counsel, the court must assign counsel to defend him."

The following bill of exceptions was signed by the trial court:

"This case came on for trial on the 21st day of April, 1926, and the defendant, Frand Cerday, appeared, and when said case was called, he advised the court that he was not ready for trial as he had no attorney to represent him and on account of his poverty was unable to employ one, and that he desired an attorney, and desired that the court appoint one to defend him. Thereupon the court said to the defendant that he would not appoint him an atorney at the ex-

pense of the state, and that the case would have to proceed to trial, whereupon the defendant in open court asked for a continuance of the case until the next term, and upon being asked by the court why he so desired a continuance, stated that he was financially unable to employ counsel at that time, and that he did not want to go to trial without the aid of counsel. This also the court refused to do, and stated to him that he had made it a rule in this court to refrain from appointing attorneys for defendants for the reason that if he appointed one for him, that other people charged with violation of the prohibition laws would expect the same thing, and that it would be a burden upon the state in hiring attorneys for law violators, and that where a defendant was not financially able to employ counsel that the court would look after his interest in the trial of the case and see that no advantage was taken of him, and that after the above holding of the court, the defendant announced ready for trial, and the case proceeded to trial, resulting in the defendant being convicted and his punishment fixed at 30 days in jail and $50 fine. This is in substance what took place, and the court hereby signs and allows the same to be filed in the case as bill of exceptions."

The bill of exceptions signed by the trial court shows that the court was fully aware that the defendant was a poor man and unable to employ counsel, and even though the court incorporated in the bill of exceptions the statement that the court would look after the interest of the defendant in the trial of the case and see no advantage was taken of him, this did not give the defendant the fair and impartial trial guaranteed to him and it was the duty of the court to have appointed counsel to have advised and defended the defendant. The statute is plain and this court has passed upon this question many times. Baker v. State, 9 Okla. Cr. 62, 130 P. 820.

The defendant's third error relates to the admission of incompetent and irrelevant testimony offered on be-

half of the state upon the question of search and seizure of beer as corroborating evidence of sale. This assignment relates to the testimony that was offered on behalf of the state without the objection on the part of the court or the defendant. The defendant not being represented by counsel, and being forced to go to trial without the aid of counsel to keep the record for him, no objection was interposed to the testimony offered upon the question of the search of defendant's home and seizure of what was claimed to be home-brew, and is therefore not properly before this court for an opinion; but we desire to say that it was improperly admitted by the court. The defendant was on trial charged with selling one pint of spirituous liquors, and it was error for the court to admit proof of possession of other liquors. Smith v. State, 5 Okla. Cr. 67, 113 P. 204.

In the case of Wisdom v. State, 18 Okla. Cr. 118, 193 P. 1003, the court said:

"No rule of criminal law is better settled than that you cannot convict a defendant of one crime by proving him guilty of another and independent offense." Smith v. State, 5 Okla. Cr. 67, 113 P. 204; Snow v. State, 3 Okla. Cr. 291, 105 P. 576.

The testimony with reference to the finding of the home-brew in the house of the defendant should not have been introduced in the record where the defendant was on trial for the specific sale of one pint of whisky. The manner of going into the defendant's home without any authority whatever by the officers was improper, and if the defendant had been represented by counsel and timely exceptions saved to the testimony on the ground that it was procured unlawfully, the court unquestionably would have sustained the objection. We only mention this for the reason that the defendant has raised this question, and the objection was well taken had it been objected to in the lower court.

There are other errors assigned and argued by the defendant, but the view we take of the record we do not deem it necessary to consider them.

For the reasons herein stated, that the defendant was forced to trial without the aid of counsel, the cause is reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.