# STEELMAN v. STATE.

No. A-11677. April 1, 1953.

(255 P. 2d 957.)

Percy Hughes, Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Fred Hansen, First Asst. Atty. Gen., for defendant in error.

BRETT, J. The plaintiff in error Oscar Steelman, Jr., defendant below, was charged with the offense of driving a motor vehicle while under the influence of intoxicating liquor, alleged to have been committed on 2nd Street of Mountain View, Oklahoma, on the 28th day of March, 1951. He was tried by a jury, convicted, his punishment fixed at a $200 fine and 90 days in jail, with judgment and sentence entered accordingly, from which this appeal has been perfected.

Briefly, the facts of the case as gleaned from the record are that the defendant lived in what was known as the Bank Apartments in Mountain View. It appears he had gone to Carnegie, Oklahoma, during the day with his father, where they met a man by the name of Webster. The defendant admits that he had 4 or 5 bottles of beer while there, but the sheriff E. O. Peters, testified the defendant told him he had been drinking beer and whiskey. The parties returned home from Carnegie some time shortly after midnight. The defendant and his wife had an argument and a fight in which the defendant blacked one of her eyes, tore the sink off the wall from which water erupted, turned over the refrigerator, stomped it, threw dishes around, broke out window lights, disabled two automobiles so his father and Webster couldn't drive them, and otherwise disported as a maniac. The record discloses that his conduct was so noisy it aroused some of his neighbors, and either they or his wife called the town marshal, Mr. Williams, who drove his car to the entrance of the apartments where he was met by the defendant who struck him without warning while he was seated in his automobile, dazed Williams, jumped on top of him, and beat him while he was pushed down on his back over to the right side of his car. Mr. Williams got his pistol out and lashed the defendant with it, until the defendant's father pulled him off of the officer. Mr. Williams then got out of his automobile and retired to the other side of the street. Williams testified that the defendant then proceeded to get into the Williams auto and drive it away. He moved it across the street. After the defendant had driven it at a great speed a distance of about 75 feet, he ran the same into the side of the brick wall of the motion picture theater. Mr. Williams testified the defendant was under the

influence of intoxicants and had the smell of beer. Mr. Mathews, deputy sheriff, saw the defendant about 3:30 that morning and he described him, "I observed he was drunk". The sheriff, E. O. Peters, testified the defendant was drunk, that the defendant told him he had been drinking beer and whiskey. He also testified the defendant was "hopped up" on the beer or whiskey until about noon the next day. When asked if the pistol whipping he got from Mr. Williams might not have accounted for his addled condition, he replied, "No, I know he was drunk". He related the Williams auto was torn up. Mr. Greenshaw, a neighbor, heard the commotion the defendant was making and got out of bed, dressed and went to the scene of the commotion. He said he saw a man jump out of Williams car just before it hit the theater wall. The man went into the Steelman apartment, he said. Mr. Mathews saw him drive the car about 15 feet then turned away, and Mr. Greenhaw saw the car hit the wall and the man jump out and run into the defendant's apartment. The defendant has no recollection of that, he says. His wife denied he was drunk and Mr. Steelman, Sr., denied it. Nevertheless, the evidence was sufficient to make a question of fact for the jury, and they found that the defendant was drunk and did drive the Williams automobile while in such condition. The defendant admitted on cross-examination that he had pleaded guilty to drunken driving, on a prior occasion, in the police court of Oklahoma City.

The defendant urges two propositions. First, that the trial court erred in admitting incompetent, irrelevant and immaterial evidence, in regard to the defendant's actions such as assault and battery to his wife and Jim Williams, malicious destruction to property, etc. He cites cases on the proposition that, "the issue on a criminal trial is single, and the testimony should be confined to the issue; and on trial of a person for one offense the prosecution cannot aid the proof against him by showing that he committed other offenses." Smith v. State, 5 Okla. Cr. 67, 113 P. 204, and other authorities with which we are in accord as a general proposition. He overlooks the fact that there are valid exceptions to the general rule. This court has repeatedly held:

"It may be regarded as settled that where the offense charged is so connected with the other offenses sought to be proved as to form a part of an entire transaction, evidence of the latter may be given to show the character of the former." Doser v. State, 88 Okla. Cr. 299, 203 P. 2d 451, 454.

See, also, Walker v. State, 92 Okla. Cr. 256, 222 P. 2d 763; Bouyer v. State, 57 Okla. Cr. 22, 43 P. 2d 153, 154. It is clearly apparent that the conduct of the defendant on this occasion was all a part of the one big drunk, or an entire transaction, the sequences of which tended to throw light on the defendant's condition at the time of the charge herein involved. All the evidence complained of was clearly competent as being so closely related as to form a part of the res gestae.

The defendant's second proposition is that the evidence was insufficient to support the verdict. This contention is so wholly without merit as to warrant no extended discussion. It suffices to say that the jury had competent evidence to support its conviction. We have repeatedly held:

"It is the exclusive province of the jury to pass upon the credibility of witnesses and the weight to be given their testimony, and where competent evidence has been introduced tending to prove all of the material allegations of the information, its weight and sufficiency to sustain a conviction is a matter for the jury to determine." Doty v State, 71 Okla. Cr. 171, 110 P. 2d 298, 299.

Under the foregoing state of the record, supported by the authorities herein relied on, the judgment and sentence is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.