Jack RAY, Petitioner,

v.

STATE OF OKLAHOMA et al.,
Respondents.

No. Civ. 74-201-D.

United States District Court,
W. D. Oklahoma,
Civil Division.

July 12, 1974.

Warren L. McConnico, Tulsa Okl., for petitioner.

Bill James, Asst. Atty. Gen., Oklahoma City, Okl., for respondents.

## ORDER

DAUGHERTY, Chief Judge.

The petitioner, Jack Ray, a prisoner in the custody of the respondents at the Vocational Training Center at Stringtown, Oklahoma, has submitted to this court his Petition for Writ of

Habeas Corpus challenging his detention by virtue of the judgment and sentence of the District Court of Washita County, Oklahoma, in Case No. 863. As grounds for relief he alleges:

1. That he was denied counsel;

2. That his plea of guilty was involuntary.

The Attorney General for the State of Oklahoma filed a Response for the above named respondents. The court has carefully examined petitioner's application, the Response herein and the other files and records in this proceeding which include a transcript of the evidentiary hearing in proceedings upon petitioner's application for post conviction relief in the District Court of Washita County, State of Oklahoma on October 4, 1973, and the Findings of Fact and Conclusions of Law made by the United States District Court for the Eastern District of Oklahoma in Case No. Civil 3137, styled Jack Ray, Petitioner, vs. Jerome J. Waters, Jr., Warden, Oklahoma State Penitentiary, Respondent.

On October 4, 1940, the petitioner, Jack Ray, who was then 17 years of age appeared before the District Court of Washita County, Oklahoma, without an attorney and entered a plea of guilty to a charge of Murder. He was then sentenced to serve a term of life imprisonment in the State Penitentiary. There was no direct appeal. However, in 1948 petitioner filed an application for Writ of Habeas Corpus in the Criminal Court of Appeals for the State of Oklahoma, Case No. A–11,096, in which he contended that no legal counsel had been provided for him at the time of his arraignment and plea, and that he was not fully advised of the rights afforded him by the statutes and the Constitution of the State of Oklahoma, and therefore his confinement was without due process of law. The court conducted an evidentiary hearing, the transcript of which is not now available. In its decision rendered October 20, 1948, after a detailed review of the evidence, the court found that the petitioner thoroughly understood the nature and consequences of his plea and effectively waived his constitutional right to the assistance of counsel. Ex parte Ray, 87 Okl.Cr. 436, 198 P.2d 756.

The petitioner next took his complaints to the United States District Court for the Eastern District of Oklahoma. In Case No. Civil 3137 he filed an application for Writ of Habeas Corpus in which he again contended that he had been denied counsel, and that his plea was coerced. A hearing was was held by that court in McAlester, Oklahoma, on April 10, 1952. The transcript of this hearing is also not available but the Findings of Fact and Conclusions of Law made by the court on June 14, 1952, are before this court. Therein, the court found:

"I find from the evidence that the petitioner voluntarily and intelligently waived his right to counsel, and that there was no coercion which caused him to enter his plea; that on the contrary, the plea was voluntarily entered."

In 1958 the petitioner was granted a parole. While on parole he committed a bank robbery for which he served a term of imprisonment in the United States Penitentiary at Leavenworth, Kansas. Because of violation of his parole he was ultimately returned to the custody of the State of Oklahoma. After serving 23 years on his original sentence he filed an application for post conviction relief in the District Court of Washita County. On October 4, 1973, that court conducted an evidentiary hearing on the same issues now before this court in which the petitioner was present in person and with his attorney, Mr. Lockwood Jones. After the hearing, the court concluded:

"Gentlemen, I believe this Court would be bound by the action of the Court of Criminal Appeals of their finding of fact where he alleged the very same things that he's alleged here and they found that he had in-

telligently waived his right to an attorney. The application for a writ will be denied."

An appeal from this action of the sentencing court was taken to the Court of Criminal Appeals for the State of Oklahoma in Case No. PC–73–441. On February 4, 1974, the district court order denying post conviction relief was affirmed.

■ The petitioner has exhausted his state remedies. The federal constitutional questions presented by this petitioner have previously been determined factually by the Oklahoma Court of Criminal Appeals in 1948 and the United States District Court for the Eastern District of Oklahoma in 1952. The findings of the state court are presumptively correct. 28 U.S.C. § 2254(d). Petitioner does not claim that this hearing did not adequately develop the material facts or otherwise meet the rule of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) or challenge it on any of the grounds set forth in 28 U.S.C.A. § 2254(d) and (e). He claims, however, that the intervening decision of the Supreme Court in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) requires a new hearing in the light of that decision. That case established a federal constitutional rule requiring the appointment of counsel for an indigent defendant in a felony trial unless there has been a valid waiver. The rule is fully retroactive. Kitchens v. Smith, 401 U.S. 847, 91 S.Ct. 1089, 28 L.Ed.2d 519 (1971). Although this court does not have the transcript of the hearing before the Oklahoma court to examine it is plain from the court's Opinion that it applied the proper constitutional standard. Long before Gideon was decided it was the rule in Oklahoma that an indigent defendant is entitled to court appointed counsel. See 22 O.S.A. § 464; Wood v. State, 4 Okl.Cr. 436, 112 P. 11 (1911); Cerday v. State, 39 Okl.Cr. 153, 263 P. 1110 (1928). The court specifically found that the petitioner was entitled to the appointment of counsel but that:

"In the instant case the facts disclosed that the defendant had the benefit of the assistance of counsel, that he also made an intelligent waiver of his right to counsel at time of arraignment . . . ."

198 P.2d at 760.

■ We need not, however, rely upon the state court determination. Another federal court has also considered petitioner's claims. We are convinced, and so find, that the alleged grounds for relief in the present petition are identical to the grounds which were determined adversely to petitioner in the prior proceeding in the United States District Court for the Eastern District of Oklahoma in said Case No. Civil 3137; the determination of that court was made after consideration of such grounds for relief on their merits; and the ends of justice would not be served by reaching the merits of the application in this proceeding. The court there did not deny petitioner's application on the ground, contrary to Gideon, that the petitioner was not entitled to counsel, but rather recognized the constitutional right to counsel and determined adversely to petitioner that he had made an intelligent waiver of that right and that his plea of guilty was voluntary. The court then with all the evidence before it, and most probably evidence which could not now be available to this court, was in a much better position to evaluate the petitioner's claims than this court would be 34 years after the trial and 22 years after that hearing. Petitioner seems also to suggest that he might now be entitled to relief because the record in the sentencing court is not available to show affirmatively the voluntariness of his plea. This apparent reliance upon Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) is misplaced. Although under Boykin the inadequacy of the arraignment record alone may justify relief from a guilty plea, the constitutional principles of that case are not to be applied retroactively. Perry v. Crouse, 429 F.2d 1083 (CA10 1970);

Green v. Turner, 443 F.2d 832 (CA10 1971); Arbuckle v. Turner, 440 F.2d 586 (CA10 1971); Cox v. Kansas, 456 F.2d 1279 (CA10 1972).

■ This court is not required to entertain an application for a Writ of Habeas Corpus if it appears the legality of petitioner's detention has previously been determined by a judge or a court of the United States on a prior application for a Writ of Habeas Corpus and the petition presents no new ground not heretofore presented and determined and the judge or court is satisfied that the ends of justice will not be served by such inquiry. 28 U.S.C.A. § 2244. See also Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Queen v. Page, 362 F.2d 543 (CA10 1966).

Accordingly, the Petition for Writ of Habeas Corpus will be denied.

It is so ordered.