Steven Allen **MILES,** Appellant,

v.

The **STATE of Oklahoma,** Appellee.

No. F–76–307.

Court of Criminal Appeals of Oklahoma.

Sept. 20, 1976.

Pete Silva, Jr., Public Defender, for appellant.

Larry Derryberry, Atty. Gen., Frank Muret, Asst. Atty. Gen., Doug Combs, Legal Intern, for Appellee.

## OPINION

BLISS, Judge:

Appellant, Steven Allen Miles, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Tulsa County, Case No. CRF–75–1813, for the offense of Shooting With Intent to Kill, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 652. His punishment was fixed at fifty-five (55) years' imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

J. A. Eddington testified that at approximately 4:00 p.m., August 10, 1975, he ob-

served a white Oldsmobile and a green and white van in the parking lot of Sequoyah Hills Baptist Church. The driver of the white Oldsmobile took some wigs from behind the seat, then got into the van. Both men put on the wigs and then left the parking lot in the van. Subsequently, witness called Officer Jerry Gaber and related the suspicious circumstances to him. At approximately 4:45 p.m. the two men returned in the van, transferred some things from the van to white Oldsmobile, then both men proceeded to leave the lot in the white Oldsmobile. At that point two patrol cars entered the lot and a chase ensued. Thereafter, witness heard some shots being fired.

Jesse James Simon testified that he was in the parking lot of Sequoyah Hills Baptist Church shortly before 5:00 p.m., August 10, 1975. His testimony substantiated that of J. A. Eddington.

Charles Lewis, police officer, testified that he entered the parking lot of the Sequoyah Hills Baptist Church and observed two men leaving a white and green van and entering a white Olds. The white car left the lot at a high rate of speed and witness gave pursuit. While in pursuit, witness observed one of the occupants climb into the back seat with what appeared to be a rifle. The occupant then leaned out the left hand rear window and pointed the gun toward the witness' car. After failing to negotiate a turn, defendant's car came to a rest near the intersection of Archer and Indianapolis. The defendant then fired the shotgun toward the witness, who subsequently returned fire. The witness then identified State's Exhibits No. 2 & 3, as the live shotgun shells which he removed from the defendant's pocket at the time of his arrest. The witness further identified the defendant as the person who fired the shotgun at him.

Gerald Bryan testified that he was a police officer, with the City of Tulsa, and that at approximately 4:30 p.m., August 10, 1975, he had an occasion to be in the park-

ing lot of the Sequoyah Hills Baptist Church. J. A. Eddington had given the witness some information concerning two white males in their twenties, and the suspicious nature of what he had observed in the parking lot. The witness ran a vehicle check on the white Oldsmobile, then left the parking lot and joined up with Officer Lewis. Shortly, they returned to the lot where they observed the defendant and another man leaving a green and white van and entering the white Oldsmobile. The witness' testimony concerning the subsequent events substantiated the testimony of Officer Lewis. In addition witness identified the defendant as the one who fired the shotgun and identified State's Exhibit No. 1, as the sawed-off .12 gauge shotgun recovered at the scene of the shooting. State's Exhibit No. 4 was identified as the spent .12 gauge hull the witness removed from the defendant's shotgun at the scene of the crime.

Danny Edwards testified that he lived at 3318 East Archer and that on the 10th day of August, 1975, at approximately 4:20 p.m., the witness heard sirens near his home. The witness stepped out the front door and observed two police units near the intersection of Archer and Indianapolis Streets, and a white Oldsmobile Cutlass with a flat tire. He then saw someone in the white Oldsmobile point a shotgun in the direction of the police officers, who were standing near their respective units. At that point, the witness ran back inside the house, then heard the shooting start.

Steve Raiford, testified that he was a police officer with the City of Tulsa, and that he was so employed on the 10th day of August, 1975. At 4:55 p.m., in response to a call, the witness proceeded to the area of Archer and Indianapolis. As he approached that intersection, he heard gun shots, observed the defendant running into an alley, intercepted the defendant and arrested him.

In his first assignment of error, the defendant asserts that the trial court erred in

not granting the defendant's request for continuance. The motion was interposed to provide him with additional time to subpoena witnesses and have his court appointed attorney withdrawn.

■ It is elementary that motions for continuance are addressed to the sound discretion of the trial judge and rulings thereon will not be disturbed on appeal unless a clear abuse of that discretion is readily apparent. *Brown v. State,* Okl. Cr., 456 P.2d 604, 605 (1969). Further, in *Colvard v. State,* Okl.Cr., 453 P.2d 715 (1969) this Court stated in paragraph two of the syllabus:

"The rule is well settled that it is the duty of defendant to use all reasonable diligence in order to secure the attendance of witnesses in his behalf, and it must be made to appear from the application of continuance that he has used due diligence in procuring the attendance of his witnesses, and the application must set out facts fully which constitute due diligence."

See also *Maxey v. State,* Okl.Cr., 526 P.2d 951 (1974).

■ In the present case, the defendant had forty-two days between arraignment and trial in which to subpoena witnesses. Nothing appears on record which would indicate that the defendant exercised due diligence in securing the witnesses now complained of. Further, his application clearly indicates that the expected testimony of said witnesses would lend no relevancy to the issues of the present case.

■ It was further indicated in the defendant's first assignment of error that the motion for continuance was based in part on the defendant's desire to have his present counsel withdrawn. However, no argument was advanced nor bases established for such a contention. The well established rule, as set forth in *Battle v. State,* Okl.Cr., 478 P.2d 1005 (1970), wherein this Court citing *Sandefur v.*

*State,* Okl.Cr., 461 P.2d 954 (1969), held that:

" 'It is necessary for counsel for plaintiff in error not only to assert error, but to support his contentions by both argument and the citations of authorities. Where this is not done, and it is apparent that the defendant has been deprived of no fundamental rights, this court will not search the books for authorities to support the mere assertion that the trial court has erred.' "

For the foregoing reasons, we find the defendant's first assignment of error is without merit.

■ The defendant's second assignment of error is that the trial court erred in admitting prejudicial and irrelevant evidence. Specifically, the defendant argues the wig and woman's stocking recovered from the defendant's Oldsmobile at the scene of the shooting were inadmissible in that they tended to show the commission of another crime. The defendant bases this contention on the general rule that when a defendant is put upon trial for one offense, he should be convicted by evidence which shows that he is guilty of the offense of which he is charged; and evidence which in any manner shows or tends to show, that he has committed another crime, wholly independent of the offense for which he is charged, is irrelevant and inadmissible. *Nemecek v. State,* 72 Okl.Cr. 195, 114 P.2d 492, 498 (1941). However, the defendant overlooks the fact that there are valid exceptions to the general rule. This Court has repeatedly held:

" 'It may be regarded as settled that where the offense charged is so connected with the other offenses sought to be proved as to form a part of an entire transaction, evidence of the latter may be given to show the character of the former.' *Doser v. State,* 88 Okl.Cr. 299, 203 P.2d 451, 454 (1949)."

*Steelman v. State,* 96 Okl.Cr. 372, 255 P.2d 957, 959 (1953). Further, in *Bouyer v.*

*State,* 57 Okl.Cr. 22, 43 P.2d 153, 154 (1935), this Court said in the Fourth paragraph of the syllabus:

."Evidence is admissible that tends to prove the defendant guilty of the offense charged even though it may tend to prove a different offense, when both offenses are so closely related or connected as to form a part of the res gestae."

See also *Drake v. State,* 91 Okl.Cr. 142, 217 P.2d 191, 198 (1950).

■ In the present case the evidence complained of was the very thing which aroused suspicion and prompted an eye witness to call the police which resulted in the subsequent investigation culminating in the arrest of the defendant for the offense ·for which he is now charged. It is the opinion of this Court that the evidence complained of was clearly admissible as showing an entire transaction, the sequences of which tended to throw light on the subsequent commission of the crime for which the defendant is charged. For the foregoing reasons, we find the defendant's second assignment of error to be without merit.

■ In his third assignment of error the defendant asserts that the sentence imposed was excessive. He first contends that the introduction of prejudicial evidence prevented the jury from setting the punishment merely for the crime alleged. We find the evidence complained of to be the same evidence dealt with in the defendant's second assignment of error. In light of our holding therein, we must disagree with the defendant's first contention. The defendant further contends that the sentence was influenced by an improper comment by the prosecutor concerning "convenience stores." The record discloses that the comment was clearly a fair comment on the evidence adduced at the trial. The statement was made by Officer Charles Lewis and was not objected to when introduced into evidence. It has long been held by this Court that the right of argumentation contemplates a liberal freedom of speech. Counsel for both the State and the defendant have the right to discuss fully the inferences and deductions arising from the evidence. It is only when argument by counsel for the State is grossly improper and unwarranted upon some point which may have affected the defendant's rights can reversal be based on improper argument. *Klinekole v. State,* Okl. Cr., 456 P.2d 623 (1969).

■ Furthermore, when considering whether the sentence is excessive the reviewing court must look at the facts and circumstances of each particular case, and the court does not have the power to modify a sentence unless we can conscientiously say that under all facts and circumstances the sentence is so excessive as to shock the conscience of the Court. *Roberts v. State,* Okl.Cr., 473 P.2d 264, 268 (1970), *Young v. State,* Okl.Cr., 531 P.2d 1403, 1407 (1975). In the present case the defendant has a record of five (5) prior convictions, two of which involved offenses of assault and battery with a dangerous weapon. Considering the aggravating circumstances of the offense for which the defendant is now charged and the fact that the sentence imposed was within the range provided by law, it is the opinion of this Court that a sentence of fifty-five (55) years is not excessive.

We conclude that the defendant received a fair and impartial trial and that the judgment and sentence appealed from is *AFFIRMED.*

BRETT, P. J., and BUSSEY, J., concur.