Dallas OGLESBY, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-78-591.

Court of Criminal Appeals of Oklahoma.

Sept. 10, 1979.

Rehearing Denied Oct. 30, 1979.

Bill E. D. Williams, and Ralph Samara, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Brent Haynie, Legal Intern, for appellee.

## OPINION

CORNISH, Presiding Judge:

The appellant, Dallas Oglesby, was convicted for Rape in the Second Degree in the District Court of LeFlore County, Case No. CRF-78-33, and sentenced to fifteen (15) years in the custody of the Department of Corrections. The conviction arose out of an incident on or about September 15, 1977, when the prosecutrix, age 15, was allegedly raped by the appellant, her father, in a pickup truck on a country road in LeFlore County.

The appellant denied the rape accusations, although there was testimony of similar molestation by two other young women. On rebuttal, one girl testified that the appellant grabbed her at his place of business and another girl's testimony revealed he had asked her to "go for a ride."

### I

The appellant's first assignment of error deals with the admission of testimony of other crimes, both in the State's direct evidence and in rebuttal. In the State's direct testimony two witnesses were brought forth; one a daughter of the appellant, who alleged that he had molested her in January of 1978, and a friend of the prosecutrix who alleged the appellant had raped her in a similar fashion in December of 1977.

The general rule is that evidence which in any manner shows or tends to

show that the accused has committed an offense other than that for which he is on trial is inadmissible, since the accused must be convicted, if at all, by evidence which shows him to be guilty of the offense charged. *Nemecek v. State,* 72 Okl.Cr. 195, 114 P.2d 492 (1941); *Smith v. State,* 5 Okl.Cr. 67, 113 P. 204 (1911). One exception to the general rule applies to evidence which tends to establish a "common scheme or plan embracing the commission of two or more *crimes so related to each other that proof of one tends to establish the other."* (Emphasis added) *Atnip v. State,* Okl.Cr., 564 P.2d 660 (1977).

 Mere similarity between the crime for which a defendant is being tried and past crimes is not enough to establish admissibility under the "common plan or scheme exception." *Oliver v. State,* Okl.Cr., 568 P.2d 1327 (1977), and *Atnip v. State,* supra. In *Hawkins v. State,* Okl.Cr., 419 P.2d 281 (1966), this Court defined common scheme or plan as where the crime is committed to prepare the way for another crime and the commission of the second crime is made to depend on the perpetration of the first.

In this case it would be absurd to argue that the appellant committed one rape to help facilitate the commission of another rape. Nor is it plausible to say evidence of one rape should be admitted to show a propensity to rape.

Evidence of other crimes should be admitted under the five exceptions with extreme caution, and when there is doubt, it should be resolved in favor of the defendant. *Galindo v. State,* Okl.Cr., 573 P.2d 1217 (1978). Accordingly, we do not believe that the testimony of the other daughter and her friend as to alleged molestation by the appellant is so related to the crime charged that proof of one tends to establish the other.

The appellant also argues that the rebuttal testimony concerning offenses to two women was improperly admitted. We agree. In *Stowe v. State,* Okl.Cr., 590 P.2d 679 (1979), we concluded that on rebuttal even if evidence of other crimes fits into an exception to the general rule, its admissibility is still conditioned on a finding that the probative value of the evidence outweighs prejudice to the accused. Here, we do not think the probative value outweighed the prejudice that may have resulted and, therefore, it should not have been allowed.

In addition, the appellant complains of an admonishment by the court to the appellant's attorney in the presence of the jury. The appellant contends this was prejudicial to him in the eyes of the jury and, therefore, is reversible error.

However, this assignment of error is not properly before us because the appellant failed to raise it in his motion for new trial. *Stowe v. State,* Okl.Cr., 397 P.2d 693 (1964). The other assignment of error concerning instructions about evidence of other crimes is now moot.

The judgment and sentence is *REVERSED* and *REMANDED* to the District Court for further proceedings.

BRETT and BUSSEY, JJ., concur.