Tart, J.,
 

 concurring. The dissenting opinion of Judge Stewart in
 
 In re Burson,
 
 152 Ohio St., 375, 89 N. E. (2d), 651, cited in the
 
 per curiam
 
 opinion in the instant case, points out that it is “illogical and incorrect to say that a remedy is adequate where it is not practically available” and points out that in a ease such as this “there could be no record upon which an appeal could be based. ” (See Section 13445-1, General Code, requiring the court to fix the time within which a bill of exceptions or objections shall be filed which, “in no case, shall be more than 30 days from the overruling of the motion for a new trial, ’ ’ and Section 13449-2, General Code, relative to the time within which a motion for new trial may be filed, generally “within three days after the verdict was rendered, unless unavoidably prevented.”)
 

 If the rights which petitioner now asserts as grounds for collateral attack on his convictions had been promptly asserted, even though the time had elapsed within which an effective appeal could have been made, relief might well be granted petitioner in view of the facts found by the Court of Appeals.
 

 ■ However, in one instance a period of over. 19 years and in the other a period of over 15 years have elapsed since those convictions.
 

 
 *280
 
 If petitioner is released in these proceedings, such release will be on grounds having no relation to the question as to whether he was guilty or not guilty of the two crimes of which he was convicted. That being so, the interests of the public would clearly require retrials to determine whether he was or was not guilty of either or both of the two crimes for which he was indicted.
 

 The lapse of time since those convictions 15 and 19 years ago has been such as to make it unlikely that the witnesses, who could have testified for the state, can now be located or will, if located, remember with any degree of accuracy the facts about which they would be required to testify. Under such circumstances, and in the absence of special or unusual facts accounting for or excusing such lapse of time, the interests of justice require a holding that petitioner’s failure to take prompter action bars his assertion of the alleged rights, which he once may have have had, to collaterally attack these convictions. See
 
 In re Tremper,
 
 126 N. J. Eq., 276, 8 A. (2d), 279 (affirmed on other grounds, 129 N. J. Eq., 274, 19 A. [2d], 342);
 
 Commonwealth, ex rel. Quinn,
 
 v.
 
 Smith, Warden,
 
 144 Pa. Sup., 160, 19 A. (2d), 504;
 
 Ex parte Snow,
 
 84 Okla. Cr., 423, 183 P. (2d), 588;
 
 Ex parte Matthews,
 
 85 Okla. Cr., 173, 186 P. (2d), 840 (certiorari denied, 333 U. S., 858);
 
 Ex parte Motley,
 
 86 Okla. Cr., 401, 193 P. (2d), 613;
 
 Ex parte Ray,
 
 87 Okla. Cr., 436, 198 P. (2d), 756; Ex
 
 parte Workman
 
 (Okla.), 207 P. (2d), 361;
 
 Ex parte Cole
 
 (Okla.), 208 P. (2d), 193;
 
 Ex parte Hall
 
 (Okla.), 215 P. (2d), 587; and 39 Corpus Juris Secundum, 620.
 

 Stewart, J., concurs in the foregoing concurring opinion.