### In the Matter of the Habeas Corpus of AI SHERRILL.

#### No. A–12183.

Criminal Court of Appeals of Oklahoma.

June 8, 1955.

470

Al Sherrill, pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, Presiding Judge.

This is an original proceeding in habeas corpus by Al Sherrill to secure his release from confinement in the penitentiary.

The petition was evidently prepared by some inmate of the penitentiary who had probably read an account of some of the numerous habeas corpus actions which have been determined by this court as said petition contains a number of general allegations and then a large number of other allegations which are wholly inconsistent with the general allegations which were made. It is very difficult for us to determine just what the petitioner had in mind as forming a basis for a contention that he was illegally deprived of his liberty. No copy of the information and no copy of the judgment and sentence was attached to the petition; neither was any date on which the alleged judgment and sentence was pronounced set forth in the petition.

We carefully scrutinize every petition filed by one who is restrained of his liberty so that no person may be unjustly deprived of his liberty. Rarely do we find a petition for habeas corpus filed by an inmate of the penitentiary with any substantial merit. It would appear that some inmate with a smattering of law had developed a racket in the penitentiary which enabled him to prey upon inmates with little knowledge of the law and the function of courts.

The deduction that we have made from the petition is that petitioner is complaining that he was given a sentence of 10 years imprisonment on a plea of guilty to the crime of assault with intent to kill whereas he should not have received more than 5 years imprisonment in the penitentiary. Under Tit. 21 O.S.1951 § 652 a person convicted of assault with intent to kill, in the manner provided by said statute may be sentenced to a term of 10 years imprisonment in the penitentiary. In the absence of the information which would enable us to determine whether the petitioner was charged with assault with intent to kill, we must assume that he was so charged because the petitioner in substance says that was the charge. We set this petition for hearing and offered to let the petitioner introduce affidavits in support of his petition but no evidence was offered in support of it. There is nothing before us to show the judgment and sentence was rendered without jurisdiction and the petition for writ of habeas corpus is denied.

BRETT and POWELL, JJ., concur.