Raymond CHOTKEY, Petitioner,

v.

Robert R. RAINES, Warden, Oklahoma State Penitentiary, Respondent.

No. A–13071.

Court of Criminal Appeals of Oklahoma.

March 21, 1962.

Raymond Chotkey, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

PER CURIAM.

This is an original proceeding in habeas corpus whereby petitioner seeks his release from the Oklahoma State Penitentiary, where he is confined by reason of a judgment and sentence rendered on the 8th day of July, 1958, in the District Court of Okfuskee County, Oklahoma, wherein he was convicted, upon plea of guilty, for the crime of murder.

Defendant contends in his petition that at the time he plead guilty he was illiterate and inexperienced in the law yet was permitted to enter a plea without benefit of counsel and was therefore denied his constitutional rights.

The attorney general filed a response in said cause and attached thereto was a certified copy of the transcript taken at the time of plea, judgment and sentence. The following is therein reported:

"BY THE COURT:

"Q. All right, Raymond, you have heard the reading of the information, do you understand it? You know what you are charged with?

"A. Yes, sir.

"Q. You know you are charged with murder in the first degree? And Court tells you now you have a right to a lawyer if you want one. Have you talked to a lawyer about this case at all?

"A. No, sir.

"Q. Do you want to talk to one?

"A. No.

"Q. You understand the court will appoint you one at the state's expense?

"A. Yes.

"Q. You got a right to it, if you want it. You tell me again you understand the English language and understand the reading of it, you know what this information says? You realized that any sentence you get the very minimum you could get will be life imprisonment. You understand that, do you?

"A. Yes."

It appears from the transcript of the proceedings that the trial judge had properly advised the petitioner of his constitutional rights to the service of an attorney at the state's expense. The offer was obviously refused. This court is thoroughly aware of a defendant's constitutional right to counsel. The court likewise has held that the right to counsel may be waived. It was held in the case of Ex parte Ray, 87 Okl.Cr. 436, 198 P.2d 756 that:

"A person prosecuted for a crime may waive constitutional rights to a trial by jury, representation by counsel * * *".

Though defendant contends that he was denied counsel the record does not bear out his contention.

In Ex parte Sherrill, Okl.Cr., 285 P.2d 469, this Court stated:

"There is a presumption in favor of the regularity of proceedings before the trial court and the burden is on one who attacks such proceedings to show there was irregularity sufficient in nature to deprive the court of jurisdiction to render the particular judgment." Also see Cottrell v. McLeod, Okl.Cr., 342 P.2d 240.

A review of the record before us compels the Court to hold that petitioner waived his rights to counsel and therefore is not entitled to relief by habeas corpus.

The writ is denied.