Kenneth GOURLEY, Petitioner,

v.

R. R. RAINES, Warden, Respondent.

No. A–13150.

Court of Criminal Appeals of Oklahoma.

May 2, 1962.

Kenneth Gourley, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BUSSEY, Judge.

This is a petition for writ of habeas corpus by Kenneth Gourley, petitioner, an inmate of the State Penitentiary at Mc-Alester, Oklahoma, by which said petitioner seeks to secure his release from confinement in the State Penitentiary where he is presently confined by virtue of a judgment and sentence rendered against him in the District Court of Okmulgee County, Oklahoma, on August 20, 1958.

The record reveals that petitioner was charged with the felony of robbery with firearms and that when the case was called for trial on said date in the District Court of Okmulgee County the information was read to the defendant, and a copy of the same was served on the defendant. The record further discloses that the defendant was advised of his constitutional rights, that he waived appearance of counsel and further time in which to plead and entered a plea of "guilty", whereupon the District Court of Okmulgee County made

and entered its sentence of fifteen years in the State Penitentiary.

The petitioner now seeks his release from imprisonment on the ground that he was denied right of representation by counsel and that the said District Court lost jurisdiction to assess the judgment and sentence entered in the cause.

In his second contention of error, petitioner alleged that he was denied the representation of an attorney and that the court failed to advise him of his rights to court appointed counsel.

The record shows that the petitioner waived in open court his right to counsel, after being advised of his constitutional rights by the court, and entered a plea of guilty.

 In Ex parte Sherrill, Okl.Cr., 285 P.2d 469, this court stated the rule to be followed where the question of regularity of proceedings in the trial court is concerned:

"There is a presumption in favor of the regularity of proceedings before the trial court and the burden is on one who attacks such proceedings to show there was irregularity sufficient in nature to deprive the court of jurisdiction to render the particular judgment."

And in Cottrell v. McLeod, Okl. Cr., 342 P.2d 240, this court said:

"Where a disputed question arises as to what occurred on arraignment of one accused of crime, Court of Criminal Appeals will give great weight to the recitation in the minutes of the court proceeding as to what occurred."

What the court said in Cottrell v. McLeod is applicable to disputed questions arising as to what occurred at the trial of one accused of a crime.

In this cause, the records affirmatively show that the defendant was advised of his constitutional right to counsel and that he waived right to representation by counsel. This Court has stated that right to representation by counsel is one of the constitutional rights which an accused may waive: In Ex parte Ray, 87 Okl.Cr. 436, 198 P.2d 756, this court said:

"A person prosecuted for a crime may waive constitutional rights to trial by jury, representation by counsel, etc. * * *"

The record being silent as to any matter which would tend to support the allegations of petitioner's application, we hold that the petitioner has not met the burden of proving any irregularity sufficient in nature to deprive the trial court of jurisdiction to render the judgment entered in this cause, and that, furthermore, the petitioner effectively waived his constitutional right to representation by counsel.

For the reasons herein stated, the writ is denied.

NIX, P. J., and BRETT, J., concur.