Clinton Cleo HUGGINS, Petitioner,

v.

Robert R. RAINES, Warden, Oklahoma State Penitentiary, Respondent.

Clinton Cleo HUGGINS, Petitioner,

v.

The DISTRICT COURT OF KIOWA COUNTY, Oklahoma, Respondent.

Nos. A–13184, A–13180.

Court of Criminal Appeals of Oklahoma.

May 23, 1962.

Rehearing Denied June 14, 1962.

Clinton Cleo Huggins, McAlester, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondents.

BRETT, Judge.

Under date of January 12, 1962 Clinton Cleo Huggins filed in this Court his petition for writ of mandamus to require the district court of Kiowa County, Oklahoma, to furnish him with a transcript of the proceedings had in said court wherein this petitioner as defendant was charged with the crime of rape in the first degree, entered a plea of guilty, and was sentenced to life imprisonment in the State Peniteniary. This was case No. A–13180.

A rule to show cause was issued to the district court of Kiowa County, and in response thereto and on January 24, 1962 said court filed a duly certified transcript of such proceedings in this court.

On January 17, 1962, and before the filing of the transcript in cause No. A–13180, the petitioner filed his petition for writ of habeas corpus, seeking his release from imprisonment in the State Penitentiary. This cause was numbered A–13184.

In his petition for writ of habeas corpus petitioner alleges that at the May, 1957 term of the district court of Kiowa County, upon a plea of guilty to a charge of rape in the first degree, petitioner was sentenced to life imprisonment in the State Penitentiary. He did not attach a copy of the information, or a copy of the judgment and sentence.

The Attorney General filed a response in the habeas corpus proceeding on behalf of the Warden of the Penitentiary, and attached thereto a photostatic copy of the judgment and sentence, and a copy of the petitioner's prison record.

The transcript originally filed in Case No. A–13180 has been refiled in the habeas corpus case, No. A–13184.

It has long been the policy of this court to carefully scrutinize every petition filed by one who is confined in prison, so that no person may be unjustly deprived of his liberty. We have been very liberal in construing petitions filed by inmates of the state institutions prepared without the aid and advice of an attorney. We have, therefore, given careful consideration to this matter.

The only ground for release by writ of habeas corpus stated in the petition seems to be the petitioner's statement that he "was tried and convicted of first degree rape in the said court without the aid of counsel for his defense, and after he had requested a legal advisor, and had been refused."

The minutes of the justice of the peace, the examining magistrate, as reflected in the transcript, show that the defendant, "after being advised of his rights" was arraigned and requested 24 hours to plead; that thereafter and on the next day the defendant "was again arraigned on said charge and by advice of counsel, Fred Cunningham", he waived the reading of the information and entered a plea of not guilty.

The transcript further shows that on May 22, 1957 an amended preliminary information was filed against the defendant; that the defendant was advised of his rights, and arraigned on the charge of rape in the first degree as charged in said amended preliminary information. That he thereupon entered a plea of guilty and stated that he waived a preliminary hearing on said charge, and he was bound over to the district court.

On the same day the defendant made a statement, which was duly sworn to by him, and which reads as follows:

"I, Clinton Cleo Huggins of lawful age, sound in body and mind, and being dully advised that what I say here may be used against me in a case now pending in the justice court of Kiowa County by preliminary information charging me with the crime of rape in the first degree, make the following statement of my own free will and accord: * *

"That I did on or about May 10, 1952, and on several occasions thereafter at my home in the city of Hobart, Kiowa County, Oklahoma, rape and have sexual intercourse with my own daughter, Sandra Dolores Huggins, who was then of the age of eleven or twelve years. That these acts occurred at my home, and have continued since that time.

"I desire to enter a plea of guilty to the charge against me in the district court of Kiowa County, Oklahoma. I have not been promised any recommendation or anything to obtain my admission of guilt in this case. I have been advised of the penalty of this crime, and I am willing for the court to determine the punishment I should have. It is my desire by making this affidavit and by entering a plea of guilty to a crime of which I am guilty so that my family may be saved from further embarrassment over my unlawful act. Further affiant saith not."

The transcript of the proceedings in the justice court were filed in the district court of Kiowa County on May 22, 1957, and the minutes of the district court show that defendant was arraigned, that the county attorney read the information, defendant gave his true name and his age as 42 years, and he was advised of his constitutional rights; that he entered his plea of guilty and was sentenced to serve a term of life in the state penitentiary. The minute does not show that he was represented by Mr. Cunningham in the district court.

▮▮▮ It is well settled that an accused may waive his constitutional rights to be represented by counsel, and to trial by jury. Okl.Const. Art. II, § 20. It is a further rule of this Court that whether an accused has waived his right to the assistance of counsel depends in each case upon the particular facts and circumstances, including the background, experience, and conduct of the accused, and where petition in habeas corpus charges deprivation of constitutional rights, the proof to entitle petitioner to relief must be clear and convincing. Where a disputed question arises as to what occurred upon arraignment of one accused of a crime, this Court will give great weight to the recitations in the minutes of the court proceedings as to what occurred, and every presumption favors the regularity of the proceedings had in the trial court. Petitioner has the burden of sustaining the allegations of his petition. In re Sherrill, Okl.Cr., 285 P.2d 469; In re Chotkey v. Raines, Okl.Cr., 370 P.2d 32; Ex parte Owens, 91 Okl.Cr. 444, 219 P.2d 1030, and cases cited. Especially is this true where we have only the unverified statement of the

petitioner that his constitutional rights have been violated. Here the petitioner merely states that he "was tried and convicted without the aid of counsel, after he had requested a legal advisor, and been refused."

The verified confession of the defendant, on his plea of guilty, clearly negates his statement that he requested counsel, and therein he gives a reason for making the statement and entering his plea of guilty.

In the case of In re Langley, Okl.Cr., 325 P.2d 1094, 1095, this Court said:

"In habeas corpus proceeding the burden is upon petitioner to prove the grounds upon which he relies for his release, and the unsupported statements of a petitioner do not meet the requirements of proof."

Whether one accused of crime has waived his right to the assistance of counsel for his defense must depend in each case upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of accused. The petitioner here was not without experience in criminal proceedings. The prison records show that this is his third term in the State Penitentiary. By reason of his prior convictions and experience, he was not inexperienced in court proceedings, but was thoroughly experienced in crime, and familiar with the rights of those convicted of crime.

■ The application for writ of mandamus is, of course moot; and from a careful study of the petition, response and transcript, we do not feel that petitioner has met the burden of showing facts sufficient to entitle him to a writ of habeas corpus.

The writs are, therefore, denied.

NIX, P. J., and BUSSEY, J., concur.