Doyle Junior JACK, Petitioner,

v.

R. R. RAINES, Warden, Oklahoma State
Penitentiary, Respondent.

No. A–13213.

Court of Criminal Appeals of Oklahoma.

July 3, 1962.

Doyle Junior Jack, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BUSSEY, Judge.

This is an original proceeding in habeas corpus by which the petitioner, Doyle Junior Jack, seeks release from confinement in the State Penitentiary at McAlester, Oklahoma, wherein he is incarcerated by virtue of a judgment and sentence rendered against

him in the District Court of Payne County, Oklahoma, on June 28, 1960, upon his plea of guilty to the offense of Child Abandonment.

As his sole ground for release, the petitioner alleges that he was deprived of his constitutional rights in that:

"Petitioner was tried and convicted of an offense which constituted a felony, without the aid or assistance of counsel for the defence nor was he advised of the constitutional right to assistance of counsel for his defense."

 It has been well settled by this court that an accused may waive his constitutional right to be represented by counsel and to trial by jury. Ex parte Ray, 87 Okl.Cr. 436, 198 P.2d 756.

■■ Further, we have held that where a disputed question arises as to what occurred upon arraignment of one accused of a crime, this Court will give great weight to the recitations in the minutes of the proceedings as to what occurred, and every presumption favors the regularity of the proceedings had in the trial court. The petitioner has the burden of sustaining the allegations of his petition. Clinton Cleo Huggins v. Robert R. Raines, Okl.Cr., 372 P.2d 248, In re Sherrill, Okl.Cr., 285 P.2d 469; Chotkey v. Raines, Okl.Cr., 370 P.2d 32, Ex parte Owen, 91 Okl.Cr. 444, 219 P.2d 1030.

■ The record discloses that the petitioner was advised of his constitutional rights and thereafter entered a plea of guilty to the offense charged. The petitioner offers no evidence contradictory to the record other than his unsupported statement that he was not advised of his right to counsel. In re Langley, Okl.Cr., 325 P.2d 1094, 1095, our Court stated the rule that:

"In habeas corpus proceeding the burden is upon petitioner to prove the grounds upon which he relies for his release, and the unsupported statements of a petitioner do not meet the requirements of the proof."

■ For the reasons above set forth, we are of the opinion, and so hold, that the petitioner failed to meet the burden of showing facts sufficient to entitle him to the relief sought by his application for writ of habeas corpus herein made. Writ denied.

NIX, P. J., and BRETT, J., concur.