Ex parte VINCENT MATTHEWS.

No. A-10919.   Nov. 12, 1947.

(186 P. 2d 840.)

174

George Hill, of McAlester, for petitioner.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for respondent.

BRETT, J.   This is a proceeding in habeas corpus in which the petitioner, Vincent Matthews, seeks to be discharged from the custody of C. P. Burford, warden of the State Penitentiary. The said custody, as the record discloses, is based upon the facts that the petitioner was charged on January 10, 1931, with the crime of robbery with firearms of J. C. Butler; tried and convicted on January 21, 1931, and sentenced on January 23, 1931, to 50 years in the penitentiary. In the robbery, Butler was shot by the petitioner. From this judgment and sentence, no appeal was taken nor has the judgment and sentence been attacked in any manner for more than 16 years.

The petitioner alleges that he was denied the aid of counsel, time to confer with counsel and prepare for trial, and that he was not served with a list of the witnesses two days before the trial, as provided by article 2, § 20, of the Constitution of the State of Oklahoma, and that he was arraigned without the aid of counsel. Attached to the petition is the transcript of testimony of the petitioner taken before Honorable W. A. Lackey, judge of the district court of Pittsburg county, Okla., the information, the judgment and sentence complained of, and the minutes of the trial court in the trial on the merits had before Honorable Enloe Vernor, judge of the district court of Wagoner county, Oklahoma. This constitutes the substantial part of the record before us in this habeas corpus proceeding. The court minutes cover the proceedings from the time the information was filed until after the petitioner was delivered to the warden of the penitentiary, the pertinent part of which is in words and figures, as follows, to wit:

"Jan. 17, 1931 Enter Record: Leave given W. T. Drake to withdraw as atty. for Defendant.

"Jan. 21, 1931 Enter Record: All parties present, defendant duly arraigned, defendant pleads not guilty. J.

B. Campbell appointed attorney for Defendant. Jury drawn and sworn evidence introduced, instructions given, arguments made. Jury retires and returns verdict finding defendant guilty, but leave sentence up to Court. Jury Discharged."

To the petition, Warden C. P. Burford made response denying the allegations of the petition and contended the petitioner was held under a valid commitment which had not been discharged.

Nowhere in the record does the petitioner question the jurisdiction of the court of the crime committed, of his person, or whether the judgment and sentence pronounced by the court was within the court's power, as authorized by law. Ordinarily these are the only matters that may be raised by habeas corpus. In Ex parte Vanderburg, 73 Okla. Cr. 21, 117 P. 2d 550, 554, this court said:

"Where a prisoner in custody under sentence of conviction seeks to be discharged on habeas corpus, the inquiry is limited to the questions whether the court in which the prisoner was convicted had jurisdiction of the persons of the defendant and of the crime charged, and did the court have jurisdiction to render the particular judgment.

"The writ of habeas corpus may not be used as a substitute for an appeal."

See, also, Ex parte Williams, 70 Okla. Cr. 377, 106 P. 2d 524; Ex parte Massengale, 67 Okla. Cr. 181, 93 P. 2d 41; Ex parte Pennington, 71 Okla. Cr. 263, 110 P. 2d 923; 39 C. J. S., Habeas Corpus, § 26, note 26, citing numerous cases from this and other courts so holding.

In habeas corpus proceedings, "the court generally will pursue its inquiry only through the record of the proceedings and the judgment or sentence, and unless it is affirmatively shown by the record, or the face of the

judgment or sentence, under which the petitioner is confined, that the judgment or sentence is void he is not entitled to his discharge and the writ will be denied." 39 C. J. S., Habeas Corpus, § 26; Ex parte Barrett, 75 Okla. Cr. 414, 132 P. 2d 657, 658, wherein the court said:

"Where the record does not reveal that the judgment and sentence by reason of which a defendant is serving a term in the penitentiary was rendered by a court that did not have jurisdiction, and that the judgment and sentence is void, petitioner will not be released by habeas corpus."

See, also, Ex parte Seale, 75 Okla. Cr. 183, 129 P. 2d 862, wherein this court said:

"Where a petition for a writ of habeas corpus is filed, the burden is upon petitioner to sustain the allegations thereof. It is only when the record and the evidence reveals that the judgment and sentence under which petitioner is being held is void will relief be granted by habeas corpus."

The record here discloses that the court had jurisdiction of the crime, of the person, and was authorized by law to pronounce the judgment and sentence rendered herein.

The attack herein is based upon the petitioner's own testimony tending to impeach the validity of the record. In this testimony he seeks to show he was denied the aid of counsel, time to prepare, that he was not served with a list of witnesses at least two days before the trial, and, that he was arraigned without the aid of counsel. He further testified that the attorney who was appointed for him did not properly represent him. That he demanded additional time to prepare and this was denied him. This testimony is the sole support of his contentions. By it, he seeks, after almost 17 years of quiescence, to impeach

the record by supplying in testimony given by himself and in favor of himself, to meet omissions of steps in the proceedings that do not appear in the record herein on habeas corpus. Contrary to these contentions, the testimony of the petitioner discloses that he was represented by counsel, a Mr. W. T. Drake, for a period of time 40 or 50 days before the case came on for trial. That on January 17, 1931, four days before trial, said attorney withdrew. That on the day of trial the court appointed J. B. Campbell to represent the petitioner, that Mr. Campbell continued to represent the petitioner until after the motion for new trial was overruled. The record before us fails to disclose any objection to the appointment was made the day of the trial or at any time prior to the institution of these habeas corpus proceedings. Neither does the record disclose that any objection was made to proceeding to trial without a list of the witnesses being served upon the petitioner nor does the record disclose that objection was made to such witnesses testifying. Where the accused fails to object to going to trial on the ground that he was not served with a list of witnesses two days before trial, as required by law, he cannot afterwards avail himself of this objection and the constitutional right given him by this provision will be waived. Robbins v. State, 12 Okla. Cr. 294, 155 P. 491; State v. Frisbee, 8 Okla. Cr. 406, 127 P. 1091; Stouse v. State, 6 Okla. Cr. 415, 119 P. 271; Addington v. State, 8 Okla. Cr. 703, 130 P. 311; Franklin v. State, 9 Okla. Cr. 178, 131 P. 183. The presumption is that he did not object to going to trial or to the testimony offered by said witnesses. The rule is the same as applied in either case.

In regard to his contention that he was arraigned without the aid of counsel, this court will take judicial notice of the fact that the clerk does not always record

the court minutes in their chronological order. Since the attorney was appointed on the day of arraignment and trial, the presumption is that the attorney was present and acted in behalf of the petitioner in all the proceedings that occurred on that day. Such an attack as is sought to be made herein is unavailing in habeas corpus. As was said in Hall v. Johnston, 9 Cir., 86 F. 2d 820, 821:

"As against collateral attack, the judgment is valid unless the contrary appears in the record, and omission in the record of every step in the proceeding does not overcome the presumption of regularity and warrant release on a writ of habeas corpus."

See, also, Archer v. Heath, 9 Cir., 30 F. 2d 932. Every presumption favors regularity of the proceedings had in the trial court. The general rule often announced by this court is that error must affirmatively appear from the record; it is never presumed. Robbins v. State, supra. To follow the petitioner's contention would require us to presume irregularity in matters omitted from the record and particularly the court minutes, based entirely upon his testimony. Public policy will not permit the petitioner, in a habeas corpus proceeding, to supply the missing links, by his testimony standing alone, in a record. His release must be based upon something more substantial. In any event, his testimony should be corroborated by clear and convincing proof. No such proof is before us in this proceeding. As Judge Jones of this court so aptly said in Ex parte Meadows, 70 Okla. Cr. 304, 106 P. 2d 139, 147:

"A great proportion of those who are incarcerated in the Penitentiary would be willing to swear to almost anything to secure their release."

Moreover, the record shows the judge who tried the instant case and the prosecuting attorney who prosecuted the same are both dead. The attorney who defended the

case has no distinct recollection as to what transpired to enable him to make affidavit or give testimony in the premises. The petitioner was the only witness in this proceeding. As was said in Ex parte Kermit Snow, 84 Okla. Cr. 423, 183 P. 2d 594:

"If the foregoing facts and conclusions were not sufficient grounds upon which to deny a writ of habeas corpus, we do not believe that we would be justified in granting the writ in any event, due to the lapse of fifteen (15) years of time."

"Timely relief, however, should be given to a right timely asserted but when permitted to become clouded by time, with attendant lapse of memory, dislocation of witnesses, the loss of records and the grim hand of death, justice may require the denial of such rights; because under such circumstances, the rights sought to be asserted may become mere matters of speculation based upon faulty recollection or figments of imagination, if not out right falsification. For that reason, the doctrine of laches should apply to one who thus delays the assertion of his rights. See, in this connection, 39 C. J. S., Habeas Corpus, § 76, page 620, wherein it is said:

" '* * * where as a result of such delay the judge who presided at the trial has no recollection of what occurred with respect to the relator's representation by counsel, and witnesses for the prosecution are either dead or not to be found, and there are no notes of the testimony, it has been held that a petitioner will be barred from seeking discharge from imprisonment by habeas corpus on the ground that he was not informed of his right to have counsel and was not so represented.'

"In Commonwealth ex rel. Quinn v. Smith, 144 Pa. Super. 160, 19 A. 2d 504, 506, it is said:

" 'But in any event, we are of the opinion that his delay in making this application until such a great length of time had elapsed that the Judge who presided at the trial has no recollection of what occurred there, as respects

the relator being represented by counsel, or requesting the appointment of counsel, or refusing or waiving the appointment of counsel for him, and five of the six witnesses for the prosecution at the trial have died or cannot be found, and the sixth has no recollection of the trial of the case, there being no stenographic notes or notes of testimony of the trial, convicts him of such laches as to call for a refusal of the prayer of his petition, and prevents his discharge from confinement.'

"To say the least, we are of the opinion that after fifteen (15) years delay, such a case to form a basis for relief by habeas corpus must be founded upon proof that is clear and convincing."

The record before us does not present a situation which would entitle the petitioner to be released on habeas corpus. The writ is therefore denied.

BAREFOOT, P. J., and JONES, J., concur.