## Ex parte FRENCH.

No. A-11518. Jan. 30, 1952.

(240 P. 2d 818.)

Carl C. Wever, Pawhuska, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, P. J. This is an original petition in habeas corpus brought by Elliott French, petitioner. In his petition he alleges in substance that he has been unlawfully confined in the penitentiary at McAlester, since November 2, 1937. He says that said confinement has been under and by virtue of a void judgment and sentence issued out of the district court of McCurtain county, Oklahoma, on November 2, 1937, wherein he was sentenced for the murder of Ethel Mae Rodgers, committed on September 1, 1937.

The only contention of substance raised by the petitioner is that he was without the aid of counsel. The record herein does not support this contention. The transcript of the proceedings in the preliminary examination in the justice court before L. L. Crouch, Jr., on September 7th, shows he was advised of his right to aid of counsel, and that he availed himself of such right and that I. C. Sprague, an attorney, represented him therein. It further appears that he waived arraignment and entered a plea of not guilty.

In the district court of McCurtain county, Oklahoma, on October 20, 1937, it appears from the court minutes the petitioner was arraigned in open court and entered a plea of not guilty, at which time the petitioner was served with a copy of the information. In the district court of McCurtain county, on November 2, 1937, it further appears that Elliott French was given permission to withdraw his plea of not guilty and enter a plea of guilty to the crime of murder, and on the recommendation of the county attorney he was sentenced to life imprisonment. The minutes of the district court do not disclose whether the defendant was represented by counsel. Ordinarily, great weight is given the recitation in the court minutes of the court proceedings as to what occurred. Ex parte Cartwright, 88 Okla. Cr. 206, 201 P. 2d 935. The judgment is likewise silent as to him being represented by counsel. It does appear from the supplemental response filed herein by the Attorney General that the petitioner's record made shortly after being received at the Penitentiary and dated November 4, 1937, discloses that he stated he plead guilty and in response to the question, who was your lawyer, petitioner said, Roy J. H. Foyer. This record was signed by the petitioner. Thus it appears from his own admission in this regard the petitioner was not without the aid of counsel. In Ex parte Matthews, 85 Okla. Cr. 173, 186 P. 2d 840, 841, we said:

"Every presumption favors regularity of the proceedings had in the trial court. The general rule often announced by this court is that error must affirmatively appear from the record; it is never presumed.

"As against a collateral attack the judgment is valid unless the contrary appears in the record and omission in the record of every step in the proceeding does not overcome the presumption of regularity and warrant release on writ of habeas corpus." Ex parte Hampton, 87 Okla. Cr. 416, 198 P. 2d 751.

Moreover we said in Ex parte Snow, 84 Okla. Cr. 423, 183 P. 2d 588:

"Whether one accused of crime has waived his right to the assistance of counsel for his defense must depend in each case upon the particular facts and circumstances surrounding that case, * * *." Therein we also said that in a judgment as old as this one, "proof in support of the allegations of the petitioner must be clear and convincing before the relief will be granted by this court".

We cannot say under this record that the proof is clear and convincing. In fact the petitioner himself has offered no proof by affidavit or otherwise as to what took place at the time sentence was being imposed on him. Only the inconclusive records and his petition sworn to by his present counsel constitutes his proof in support hereof.

But there is a more serious obstacle to granting the relief herein sought. The judgment and sentence herein attacked was rendered on November 2, 1937. Now almost 15 years later the petitioner seeks relief against it. Such identical situations have been repeatedly passed on adversely to the petitioners commencing with Ex parte Snow, 84 Okla. Cr. 423, 183 P. 2d 588, 589, wherein we said:

"The right to relief by habeas corpus on the grounds that at the time judgment and sentence was pronounced against the petitioner he was not represented by counsel and was not advised of his rights may be lost by laches, when the petition for habeas corpus is delayed for a period of time so long that the minds

of the trial judge and court attendants become clouded by time and uncertain as to what happened, or due to dislocation of witnesses, the grim hand of death and the loss of records, the rights sought to be asserted have become mere matters of speculation, based upon faulty recollection, or figments of imagination, if not out-right falsifications." Ex parte Matthews, 85 Okla. Cr. 173, 186 P. 2d 840; Ex parte Ray, 87 Okla. Cr. 436, 198 P. 2d 756, 760, and numerous other decisions to the same effect.

In Ex parte Matthews, supra, 17 years had elapsed. In the Ray case, supra, 8 years had elapsed. In the latter case Judge Jones said, "It would be a profound weakness in the administration of justice" to permit the accused to do, after so long a time, what he attempts herein. The case at bar falls clearly within the foregoing rule. For all the above and foregoing reasons, the petition for habeas corpus is accordingly denied.

JONES and POWELL, JJ., concur.