Application of Neal SMITH, for Habeas Corpus.

No. A–12581.

Court of Criminal Appeals of Oklahoma.

May 20, 1959.

Neal Smith, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondent.

PER CURIAM.

Neal Smith has petitioned this Court to order his release from confinement in the State Penitentiary at McAlester. He is serving two life sentences. Nevertheless, it is urged by petitioner that his constitutional rights were violated at the time he entered his plea of guilty to two charges of murder in the district court of Caddo County, Oklahoma, in that he was not advised by the Court of his constitutional right to be represented by counsel at the expense of the State, and that he was without funds to employ counsel.

■ There were many defects in the petition, but the same being prepared by petitioner without aid of counsel, this Court has been liberal with petitioner, and requested the Attorney General to obtain information that should be attached to all such petitions, with similar allegations as basis for relief. Such petitions should have attached a certified copy of the information or indictment, as the case might be, together with the verdict and judgment, and a copy of the minutes of the court. It should further be supported by affidavits from officials or others with personal knowledge of the facts surrounding the entry of a plea of guilty.

The records in the office of the court clerk of Caddo County in case No. 2130 show that on December 18, 1933 a transcript from the justice of the peace court of Theo. G. Oelke, acting as an examining magistrate, was filed in that court, and that on February 5, 1934 an information was filed in case No. 2130, charging the petitioner with the crime of murder.

On the same day and date in a second case, No. 2134, another transcript from the justice of the peace court of Theo. G. Oelke, acting as an examining magistrate, was filed in the district court of Caddo County, and an information was on February 5, 1934 filed, charging the petitioner with a second murder.

The records further show that in both case No. 2130 and in case No. 2134, the petitioner, on February 12, 1934, appeared in the district court of Caddo County and entered his plea of guilty to the crime of murder. Thereafter, and on February 20, 1934, he was transported to and incarcerated in the State Penitentiary at McAlester.

The record shows that defendant at the time he entered his plea of guilty in the two murder cases stated, was of legal age. The minutes of the court cannot be found. Judge Will Linn, who was the trial judge, is deceased, and other persons with personal knowledge of the facts are either deceased or have left the county and have not been located.

The petitioner on December 29, 1942 was paroled in the two above cases, but on August 25, 1952 his parole was revoked.

■ The burden is on a petitioner seeking a writ of habas corpus to establish all facts necessary to entitle him to the relief sought. Ex parte Matthews, 85 Okl.Cr. 173, 186 P.2d 840, certiorari denied Matthews v. Burford, 333 U.S. 858, 68 S.Ct. 728, 92 L.Ed. 1138.

■ The assumption is, where there is no proof to the contrary, that the court performed its constitutional duty and advised the petitioner that he was entitled to be represented by counsel, and not only that, but

if he was unable to employ counsel, that the State would furnish counsel. Ex parte French, 95 Okl.Cr. 96, 240 P.2d 818; and for general discussion of the principle, see 20 Am.Jur., Evidence, §§ 167–168.

■ The precise question raised in the within case has had the attention of this Court in many cases with similar fact situations. We have said that where petition for habeas corpus is delayed for a period of time so long that minds of trial judge and court attendants become clouded by time and uncertainty as to what happened, or due to dislocation and death of witnesses, and loss of records, the rights sought to be asserted have become matters of speculation, right for relief by habeas corpus may be lost by laches. See Ex parte Matthews, supra; Ex parte Workman, 89 Okl.Cr. 289, 207 P.2d 361; and see Ex parte Motley, 86 Okl.Cr. 401, 193 P.2d 613 where eleven years expired prior to application; Ex parte Ray, 87 Okl.Cr. 436, 198 P.2d 756 where eight years had expired prior to application; Ex parte Cole, 89 Okl.Cr. 380, 208 P.2d 193 where sixteen years had expired prior to application; Ex parte Hunt, 93 Okl.Cr. 106, 225 P.2d 193 where twenty-three years had expired; Ex parte Paul, 93 Okl.Cr. 300, 227 P.2d 422 where twenty-four years had expired prior to application; and Ex parte French, 95 Okl.Cr. 96, 240 P.2d 818 where fifteen years had expired prior to filing petition.

In Ex parte Ray, supra, this Court held that the right to relief by habeas corpus may be lost by laches when the petition for habeas corpus is delayed for so many years that the State could not effectively present the facts in connection with the commission of the crime.

In the within case, the petitioner has waited over twenty-four years to file his petition, and during this time he was free for over ten years, when he had opportunity to assemble evidence to support the contentions now asserted.

■ It must be borne in mind that if the matters had been timely raised, the net result if the allegations had been established, would have been to have granted the petitioner a new trial in each of the two murder cases, with court appointed attorney if petitioner had not been able to employ one. Apparently he did not wish to risk the action of two juries in two separate cases.

■ At all events, laches prevents consideration at this late date. If a new trial in each case was granted after over twenty-four years lapse of time, the probabilities would be that it would be impossible to find the persons with knowledge of the facts surrounding the deaths of the two persons petitioner was charged with murdering. One cannot sit by and wait until lapse of time handicaps or makes impossible the determination of the truth of a matter, before asserting his rights. This is in accordance with the uniform holding of this Court over a long period of years.

Writ denied.