Robert C. KESSINGER, #66705, Petitioner,

v.

R. R. RAINES, Warden, Oklahoma State Penitentiary, Respondent.

No. A-13301.

Court of Criminal Appeals of Oklahoma.

Jan. 9, 1963.

Robert C. Kessinger, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., Lewis A. Wallace, Oklahoma City, for respondent.

BRETT, Judge.

This is an original proceeding, in which Robert C. Kessinger, an inmate of the state penitentiary, without the assistance of counsel, files an unverified petition for writ of habeas corpus.

The petition is rambling. Petitioner alleges that he was denied due process of law in the trial of his case in the district court of Tulsa County, wherein he was convicted of second degree forgery. He alleges that he is being held illegally in that he was charged with the crime of uttering a forged instrument, but was convicted of second degree forgery.

Under the provisions of Title 21 O.S. 1961 § 1592, uttering a forged instrument is defined as forgery in the second degree.

Petitioner further contends that he was convicted because of the improper remarks of the county attorney, and false evidence offered by the State.

No proof is offered to establish the charges of the petition, not even the information, or a certified copy of the judgment and sentence being attached to the petition. The time for perfecting an appeal herein has long since expired, as appears in Kessinger v. State, Okl.Cr., 375 P.2d 274.

It has repeatedly been held that an unverified petition not supported by certified copies of the information or judgment and sentence is insufficient to question the validity of the commitment by which a person is incarcerated in the penitentiary. Ex parte Gower, 92 Okl.Cr. 315, 223 P.2d 154; Application of Salisbury, Okl.Cr., 363 P.2d 380. This has been held prerequisite to making out a prima facie case. In re Cross, Okl.Cr., 305 P.2d 1049, and authorities cited therein; Ex parte Arnett, 76 Okl.Cr. 209, 135 P.2d 507.

It has further been held that habeas corpus may not be substituted for an appeal. Gower v. State, supra; Ex parte Matthews, 85 Okl.Cr. 173, 186 P.2d 840.

It is fundamental that in the absence of substantial proof to the contrary, it is presumed the trial court had jurisdiction of the person, of the subject matter, and authority under the law to pronounce the judgment and sentence rendered. Ex parte Matthews, supra. Nothing substantial appears herein to controvert the existence of these necessary jurisdictional elements.

The petition herein wholly failing to state facts and allegations of supporting proof upon which to predicate relief, the same is, accordingly, dismissed.

NIX, P. J., and BUSSEY, J., concur.