**Walter Paul ARNOLD,**
**Petitioner-Appellant,**

v.

**Ronald MARSHALL, Supt., and William J. Brown, Attorney General, State of Ohio, Respondents-Appellees.**

No. 80–3658.

United States Court of Appeals,
Sixth Circuit.

Argued June 3, 1981.

Decided Aug. 5, 1981.

Walter Paul Arnold, pro se.

Edward F. Marek, Federal Public Defender (Court Appointed), Michael G. Dane, Cleveland, Ohio, for petitioner-appellant.

William J. Brown, Atty. Gen., David Stocker, Lianne Santellani, Asst. Attys. Gen., Columbus, Ohio, for respondents-appellees.

Before EDWARDS, Chief Circuit Judge, and PHILLIPS and PECK, Senior Circuit Judges.

PER CURIAM.

Petitioner Arnold appeals from the denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254 (1976). The conviction which he attacked in the District Court for the Southern District of Ohio was entered after a jury trial in an Ohio Common Pleas Court on a charge of burglary of an

uninhabited dwelling in the nighttime in February of 1953. Petitioner never appealed that sentence and served it until he was released unconditionally.

The occasion for the habeas attack upon the 1953 conviction is that in May of 1973 petitioner was indicted as an habitual offender under former Ohio Revised Code §§ 2961.11–.13. He was convicted in 1975, receiving a life sentence which he is currently serving. The 1953 conviction under consideration here was one of four predicate offenses for the habitual offender indictment. After exhausting his state court remedies, petitioner filed the current habeas petition claiming the federal unconstitutionality of his 1953 conviction and hence seeking vacation of his habitual criminal conviction.

The State of Ohio moved to dismiss the instant petition under Rule 9(a) of the Rules Governing § 2254 cases. Said rule reads as follows:

(a) Delayed petitions.—A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.

The United States Magistrate summarized the factors which he held had prejudiced the State's ability to respond to this habeas petition as follows:

1) Two of the arresting officers were unable to remember that they worked on the case. The other officer could not recall any specifics of the investigation or trial.

2) Defense counsel for petitioner at the 1952 trial could not recall any specifics with regard to the line up or police investigation, nor could he discover his office file on the case, explaining that such files are usually discarded after twenty to twenty five years.

3) The trial judge is deceased.

4) No transcript was prepared since petitioner did not take a direct appeal. Several searches for the trial notes proved fruitless—apparently the materials were destroyed in 1977 by Order of the Fire Marshall.

5) One of the two eyewitnesses to the crime is deceased. The other is "quite elderly" and respondent was "unable to learn much from her."

6) The prosecuting attorney at the trial is now a retired judge, who recalls some general information but does not recall specifics as to the arrest, identification or actual testimony.

The Magistrate thereupon recommended, and the District Judge agreed, that dismissal under Rule 9(a) was appropriate.

On appeal to this court appellant contends that *Davis v. Adult Parole Authority*, 610 F.2d 410 (6th Cir. 1979), not only requires that the State must appear to have been prejudiced, but that the petitioner must be given the opportunity to meet or rebut the apparent prejudice to the State and to show, if he could, that whatever prejudice that the State had suffered would not have been avoided if the petition had been filed earlier.[1]

It is clear to us that the United States Magistrate and the District Judge considered and decided this case with *Davis v. Adult Parole Authority, supra*, in mind. In recommending dismissing the petition, the Magistrate said, after reciting the summary from the State's return on the writ:

In view of the foregoing, this Court concludes that the twenty seven year delay has prejudiced respondent's ability to respond in a meaningful way to petitioner's claims.

---

1. Petitioner specifically phrases his argument as follows:

Rule 9(a) by its own language requires that before the District Court dismisses a petition on ground of prejudice to the state caused by delay in the filing of the petition, the petition-

er be given an opportunity to demonstrate that the *prejudice* is, "based on grounds of which he could not have knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred."

Our Rule 9(a) analysis, however, does not end here. Delay is excused if petitioner can show that his petition is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.

No such showing has been made in this case. In his answer to the return, petitioner states that in 1953 he had less than a sixth grade education, knew nothing of the law and was not advised of his right to appeal. While this might be a sufficient explanation for failing to file a direct appeal in the state court, it does not explain why petitioner waited twenty four years before challenging his conviction in any court. The fact that the State used the 1953 burglary conviction to obtain a 1975 recidivist conviction does not "reopen the case," since petitioner knew or should have known of the material facts in his allegation at or soon after the time of his 1953 conviction. In short, after reviewing the return and the answer to the return, this Court concludes that nothing prevented petitioner from raising his claims at an earlier time, before the destruction of trial materials and before the death of witnesses critical to an evaluation of such claims.

Since there appears to be in this record no dispute as to the facts upon which the Magistrate and the District Court relied, and petitioner has pled no facts which would serve to rebut the obvious prejudice to the State from the 27 years of delay, the judgment of the District Court is affirmed.