James TIPPETT, Appellant,

v.

Donald WYRICK, Warden, Appellee.

No. 81–2383.

United States Court of Appeals, Eighth Circuit.

Submitted May 21, 1982.

Decided June 14, 1982.

Ralph M. Friederich, argued, Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, Mo., for appellant.

John Ashcroft, Atty. Gen., Nancy Kelley Baker, Jay D. Haden, argued, Asst. Attys. Gen., Jefferson City, Mo., for appellee.

Before LAY, Chief Judge, HEANEY, Circuit Judge, and BECKER,* Senior District Judge.

PER CURIAM.

James Tippett appeals from the district court's denial of his petition for writ of habeas corpus. Tippett challenges the validity of a 1968 Missouri conviction that was used to enhance his sentence for a 1977 Missouri conviction. The district court concluded that the petition should be dismissed under rule 9(a)[1] on the ground that the state was prejudiced by Tippett's delay in challenging the 1968 conviction. Although we hold in this particular case the court's finding of prejudice to the state was not clearly erroneous, we choose to affirm on another ground.

Tippett was convicted in state court as a third offender under the Narcotic Drug Act, Mo.Ann.Stat. § 195.200(1)(3) (Vernon 1975), and was sentenced to a term of 15 years. A 1968 drug conviction was used to enhance the punishment for this 1977 conviction. Tippett now argues that the 1968 conviction was unconstitutional because his guilty plea was involuntary due to ineffective assistance of counsel. Tippett alleges that he did not meet his appointed counsel until the day of the plea proceeding. He also claims that counsel told him that he must plead guilty and that he must tell the judge that he had not been threatened or coerced to do so. At the time of his 1977

---

* William H. Becker, Senior District Judge, Western District of Missouri, sitting by designation.

1. Rule 9(a) of the Rules Governing Section 2254 Cases permits the district court to dismiss a habeas petition if the state "has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred." Rules Governing Section 2254 Cases, rule 9(a), 28 U.S.C.A. following section 2254.

trial, Tippett did not object to the introduction of the 1968 conviction. He made the first attack on the 1968 conviction by applying for a writ of coram nobis in the Circuit Court of the City of St. Louis in October 1979. This was two years after his third offender conviction and seven years after the death of his defense counsel. The circuit court denied his application and the Missouri Court of Appeals rejected a subsequent appeal.

Following the federal district court's dismissal under rule 9(a), the United States Supreme Court clarified the standard of review for collateral attacks on state court convictions. In *United States v. Frady,* —— U.S. ——, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), the Court ruled that the "cause and actual prejudice" standard is to apply to review of claims such as Tippett's. The Court explained that "to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *Id.* at 1594.

 Tippett does not show "cause" for his failure to object to the introduction of the 1968 conviction. He claims that any objection he would have made would have been futile since Missouri law would not allow collateral attack of a prior conviction in a direct proceeding. *Cf. State v. Laster,* 562 S.W.2d 751, 752 (Mo.App.1978). It is clear, however, that this is not a sufficient excuse because "futility of presenting an objection to the state courts cannot alone constitute cause for a failure to object at trial." *Engle v. Isaac,* —— U.S. ——, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982). Since he offers no other reason for his failure to object, we find Tippett did not satisfy the "cause and actual prejudice" standard.

■ We find the ground upon which the district court dismissed the petition was also correct. In light of the length of the delay, the death in 1971 of Tippett's counsel at the 1968 conviction, and the critical importance of counsel's alleged statements to Tippett's claim, we find that the decision of the district court to deny the petition pursuant to rule 9(a) was not clearly erroneous. The death of defense counsel alone does not in all cases compel the result reached by the district court. The district court must weigh carefully the facts and circumstances of each case to determine whether petitioner unreasonably delayed filing his habeas petition and whether the state would be truly prejudiced by the death of defense counsel.

Judgment affirmed.