Reuben THOMAS, Petitioner,

v.

STATE of Oklahoma, Respondent.

No. PC 95–0139.

Court of Criminal Appeals of Oklahoma.

Sept. 12, 1995.

*ORDER DENYING SECOND APPLICATION FOR POST-CONVICTION RELIEF*

On February 16, 1995, Petitioner appealed to this Court from an order of the District Court of Tulsa County, denying his second application for post-conviction relief in Case

No. CRF–75–2553. Petitioner was convicted by a jury of Second Degree Burglary and was sentenced April 7, 1976, to five (5) years imprisonment.

Petitioner asserts the following propositions of error:

1. Trial Court erred in giving flight instruction.

2. Prosecutorial misconduct.

3. Improper comments by prosecutor.

4. Trial Court erred by allowing unduly prejudicial enlarged photographs of blood-stained clothing.

5. Trial Court erred by allowing enlarged photographs of Petitioner's face.

6. Newly discovered evidence concerning prior felony relied upon by Trial Court to deny consideration for suspended sentence when the prior conviction has subsequently been declared invalid.

7. Information facially defective.

8. Ineffective assistance of counsel for counsel's failure to file Anders brief.

9. Denial of peremptory challenges to jury selection.

10. Denial of appeal through no fault of Petitioner because counsel abandoned Petitioner within required sixty days in which Petitioner was to file appellate brief.

11. Court of Criminal Appeals failed to consider six grounds raised in petition in error where these grounds were raised in motion for new trial.

12. Punishment was excessive.

13. Petitioner was deprived of a fair and impartial trial.

14. Error of law occurring at trial and excepted to by Petitioner.

15. Verdict was based upon passion, prejudice and speculation.

16. Conflict of interest occurred because of No. 10 above.

17. Error occurred at trial and excepted to by Petitioner.

18. Denial of fair trial because jury selection process systematically excluded persons over the age of 70 and racial minorities.

19. Trial Court committed fundamental error in refusing to declare a mistrial because of improper remarks and comments by prosecutor.

20. Denied a fair trial because of the admission of certain photographs.

21. Trial Court failed to instruct jury concerning OUJI–CR 108.

22. Ineffective assistance of counsel for failure to file pre-trial motions to "squash" or set aside Information before start of preliminary and coerced Petitioner into waiving preliminary hearing and failed to investigate facts.

23. Ineffective assistance of counsel because of conflict of interest occurred.

24. Trial Court failed to issue instructions requiring proof of all elements of the crime charged.

This Court affirmed Petitioner's conviction in an unpublished opinion, Case No. F–76–777, August 31, 1977. The case was summarily submitted without briefs and examined for fundamental error. Additionally, the record reflects this is Petitioner's second application for post-conviction relief filed in the District Court and appealed to this Court. In an Order issued January 9, 1992, this Court affirmed the District Court's denial of Petitioner's first post-conviction application.

The Honorable B.R. Beasley, District Judge, denied Petitioner's second application for post-conviction relief finding the issues could have been raised during trial or on appeal. Judge Beasley found the issues were not raised and Petitioner failed to state any sufficient reason for his failure to raise these issues on his first application for post-conviction relief.

We agree with the District Judge that the multitude of issues raised by Petitioner in his post-conviction application could have been raised on direct appeal or in Petitioner's first post-conviction application. We also note that if appellate counsel is appointed but takes no action on behalf of his client, the appellant has been effectively denied assistance of counsel. *See Penson v. Ohio,* 488

U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). In this case counsel was retained; however, a brief was not filed and it does not appear to be through any fault of Petitioner.

The appeal record was filed October 28, 1976. The record of this Court reflects the following:

On November 29, 1976, counsel for Petitioner requested a ninety (90) day extension to file the brief stating he has been unable to prepare the brief within the allotted time "because of the nature of the brief and other legal matters that need my attention".

On December 2, 1976, Petitioner was granted until January 22, 1977, to file the brief.

On March 3, 1977, the Court ordered the appeal be summarily submitted unless a brief was filed by March 18, 1977.

On March 18, 1977, "because of the nature of the brief and other legal matters that need [his] attention", counsel for Petitioner requested a thirty (30) day extension to file the brief.

On March 24, 1977, Petitioner was granted until April 18, 1977, to file the brief.

On April 18, 1977, counsel for Petitioner requested a fifteen (15) day extension to file the brief "because of the nature of the brief and other legal matters that need my attention".

On April 20, 1977, Petitioner was granted until May 3, 1977, to file the brief.

On May 4, 1977, counsel for Petitioner requested a fifteen (15) day extension to file the brief "because of the nature of the brief and other legal matters that need my attention".

On May 5, 1977, Petitioner was granted until May 18, 1977, to file the brief.

On May 20, 1977, counsel for Petitioner requested a seven (7) day extension to file the brief stating "I need only one more *FINAL* week".

On May 20, 1977, Petitioner was granted a final extension until May 25, 1977, to file the brief.

On May 26, 1977, counsel for Petitioner requested an extension until May 30, 1977 to file the brief.

On July 6, 1977, the appeal was ordered summarily submitted for review without briefs.

On August 31, 1977, the appeal was affirmed.

However, this Court affirmed Petitioner's conviction eighteen (18) years ago and since this was a five (5) year sentence, we assume the sentence has been discharged. This long period of time raises the question of whether the relief now sought by Petitioner is barred by the doctrine of laches. Petitioner failed to state any reason for his failure to raise these issues from 1976 to 1991, fifteen (15) years.

In an Order issued May 18, 1995, the Attorney General of the State of Oklahoma was directed to file a response to Petitioner's application specifically addressing whether the relief now sought by Petitioner is barred by the doctrine of laches. The response was filed July 10, 1995. On July 19, 1995, Petitioner filed a reply brief.

The State submits that the doctrine of laches or a similar concept which focuses on an inordinate passage of time bars Petitioner from relief in the form of an appeal out of time. In this case the State asserts that Petitioner has sat on his rights for almost twenty (20) years and has, therefore, forfeited his right to an appeal of a conviction he has long since completed serving.

The State cites *Application of Smith*, 339 P.2d 796 (Okl.Cr.1959) in which this Court set forth that "where petition for habeas corpus[1] is delayed for a period of time so long that minds of trial judge and court attendants become clouded by time and uncertainty as to what happened, or due to dislocation and death of witnesses, and loss of records, the rights sought to be asserted have become matters of speculation, right for relief by habeas corpus may be lost by laches." In *Smith* the petitioner waited over twenty-four (24) years to file the petition claiming his constitutional rights were violated at the time he entered his plea of guilty in that he was not advised by the court of his

---

1. The Post–Conviction Procedure Act was enact-   ed July 1, 1970.

constitutional right to be represented by counsel at the expense of the State and that he was without funds to employ counsel. During this twenty-four (24) year period, petitioner was free for over ten (10) years.

The Court determined laches prevented consideration; that if a new trial was granted after over twenty-four (24) years lapse of time, the probabilities would be that it would be impossible to find the persons with knowledge of the facts surrounding the deaths of the two persons petitioner was charged with murdering. This Court held that "[o]ne cannot sit by and wait until lapse of time handicaps or makes impossible the determination of the truth of a matter, before asserting his rights" and that this "is in accordance with the uniform holding of this Court over a long period of years". *See also Thomas v. State,* 675 P.2d 1016 (Okl.Cr.1984), cert. denied, 466 U.S. 942, 104 S.Ct. 1923, 80 L.Ed.2d 469 (1984); *Ex parte Matthews,* 85 Okl.Cr. 173, 186 P.2d 840 (1947), cert. denied, 333 U.S. 858, 68 S.Ct. 728, 92 L.Ed. 1138 (1948); *Ex parte Workman,* 89 Okl.Cr. 289, 207 P.2d 361 (1949); *Ex parte Motley,* 86 Okl.Cr. 401, 193 P.2d 613 (1948); *Ex parte Ray,* 87 Okl.Cr. 436, 198 P.2d 756 (1948); *Ex parte Cole,* 89 Okl.Cr. 380, 208 P.2d 193 (1949); *Ex parte Hunt,* 93 Okl.Cr. 106, 225 P.2d 193 (1950); *Ex parte Paul,* 93 Okl.Cr. 300, 227 P.2d 422 (1951); *Ex parte French,* 95 Okl.Cr. 96, 240 P.2d 818 (1952); and *Berryhill v. Page,* 391 P.2d 909 (Okl.Cr.1964), cert. denied, 379 U.S. 883, 85 S.Ct. 152, 13 L.Ed.2d 89 (1964).

In Petitioner's reply to the State's response brief filed July 19, 1995, Petitioner sets forth the following reasons for the fifteen (15) year delay in seeking relief:

1. That in 1982 Petitioner asserts that he suffered severe depression while confined for a five year sentence to Burglary II and Carrying a Firearm, AFC.

This claim is not substantiated by any supporting documentation.

2. That on May 13, 1986, Petitioner asserts he received two concurrent twenty-five year sentences for Robbery With Firearm, After Four Prior Felonies.

3. That on May 30, 1986, Petitioner asserts he was diagnosed as acutely disturbed emotionally and given various medications for depression.

Supporting documentation reflects that on June 30, 1986, Dr. Dale Peters, a psychiatrist, sent a memorandum to "Security" stating Petitioner "is acutely disturbed emotionally. For the next two weeks he should be single-celled for psychiatric reasons."

4. That on November 10, 1986, Petitioner asserts he was found to be severely depressed and was housed separately from the general population and was to remain on medications.

Supporting documentation reflects only that a single cell may have been medically ordered on November 10, 1986.

5. That on November 17, 1988, Petitioner asserts he was ordered to continue to take medications and that he was in the care of a psychiatrist for over 6+ years from 1988.

A memorandum from Dale Peters, M.D., to "To Whom It May Concern" dated November 17, 1988, reflects "Reuben Thomas, # 98299, has been under psychiatric care for 6+ years. As long as he takes his psychotropic medication and is allowed to keep his single cell, he is able to adjust to prison. I think it is ill-advised for his single cell status, due to medical reasons, to be changed."

6. That on July 19, 1990, Petitioner asserts that during this period he was under medications to treat depression and was given a variety of medications— during this period Petitioner sought relief in his first post-conviction application.

A letter from John H. Marsh, M.D./ Chief Staff Physician, Oklahoma State Penitentiary, to Mike Pruitt, Unit Manager, "A" Unit, Oklahoma State Penitentiary, reflects that Petitioner "has a history of explosive personality" and Dr. Marsh recommended he be housed in a single cell.

Petitioner also states that the sentence in Case No. CRF–75–2553 has been served and fully discharged, but has been used to enhance a sentence he is presently serving.

Prior to the enactment of the Post–Conviction Procedure Act, 22 O.S. §§ 1080–89, in 1970, the writs of habeas corpus and coram nobis were the means available to collaterally attack a conviction. We note that in the federal courts the writ of habeas corpus may still be used for this purpose. We also note that the doctrine of laches is applicable to federal habeas corpus actions by means of legislative enactment. Specifically, Rule 9(a) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides:

> A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.

Several federal circuit courts have utilized Rule 9(a) and held that habeas corpus relief, in a particular case, is barred by laches. *See e.g., Walton v. Attorney General of State of Alabama,* 986 F.2d 472 (11th Cir.1993); *Strahan v. Blackburn,* 750 F.2d 438 (5th Cir. 1985), cert. denied, 471 U.S. 1138, 105 S.Ct. 2683, 86 L.Ed.2d 700 (1985); *Terry v. Enomoto,* 723 F.2d 697 (9th Cir.1984), cert. denied, 469 U.S. 845, 105 S.Ct. 155, 83 L.Ed.2d 93 (1984); *Tippett v. Wyrick,* 680 F.2d 52 (8th Cir.1982), cert. denied, 459 U.S. 992, 103 S.Ct. 350, 74 L.Ed.2d 389 (1982); *Arnold v. Marshall,* 657 F.2d 83 (6th Cir.1981), cert. denied, 455 U.S. 922, 102 S.Ct. 1280, 71 L.Ed.2d 463 (1982); and *Honeycutt v. Ward,* 612 F.2d 36 (2d Cir.1979), cert. denied, 446 U.S. 985, 100 S.Ct. 2969, 64 L.Ed.2d 843 (1980).

■ We also note that the threshold burden placed upon the state to demonstrate actual prejudice by Rule 9(a) before the doctrine of laches may be triggered is not the law in Oklahoma and we decline to adopt any such requirement. *See e.g., Berryhill v. Page,* 391 P.2d 909, 910 (Okl.Cr.1964), cert. denied, 379 U.S. 883, 85 S.Ct. 152, 13 L.Ed.2d 89 (1964); *Application of Smith,* 339 P.2d 796, 799 (Okl.Cr.1959).

■ We hold, therefore, that the doctrine of laches has been and continues to be applicable, in appropriate cases, to collateral attacks upon convictions, whether by means of an extraordinary writ, as in former times, or by means of an application for post-conviction relief. Thus, the doctrine of laches may prohibit the consideration of an application for post-conviction relief where petitioner has forfeited that right through his own inaction. Further, we wish to emphasize that the applicability of the doctrine of laches necessarily turns on the facts of each particular case.

■ In the present case, Petitioner's contention that depression caused by incarceration for subsequent convictions have prevented him from seeking relief in Case No. CRF–75–2553 for fifteen years is not sufficient reason to overcome the doctrine of laches.

Accordingly, the order of the District Court of Tulsa County denying Petitioner's second application for post-conviction relief is **AFFIRMED.**

Additionally, Petitioner's motion to file a supplemental brief tendered for filing August 3, 1995, is **DENIED.** Petitioner is attempting to raise additional propositions of error on appeal which have not been presented to the District Court.

**IT IS SO ORDERED.**

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Presiding Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL,
Vice Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR,
Judge

LANE, J., concurs in result.