**Kenneth Wayne PAXTON, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. PC–95–151.**

Court of Criminal Appeals of Oklahoma.

Sept. 12, 1995.

## ORDER AFFIRMING DENIAL OF POST–CONVICTION RELIEF

Petitioner has appealed to this Court from an order of the District Court of Logan County denying his application for post-conviction relief in Case No. 2275. On April 17, 1965, Petitioner was convicted by a jury of first degree manslaughter and sentenced to four (4) years imprisonment. Petitioner discharged this sentence in 1970.

■ On November 12, 1965, Petitioner perfected a timely appeal to this Court by filing a petition in error, with case made attached. Petitioner's appellate counsel, however, failed to file a brief in the appeal. Pursuant to Rule 9, *Rules of the Court of Criminal Appeals,* 22 O.S.Supp.1965, Ch. 18, App., the appeal was submitted for fundamental error review. This Court reviewed the record for fundamental error, found none warranting reversal, and affirmed the judgment and sentence in *Paxton v. State,* 418 P.2d 92 (Okl.Cr.1966). Petitioner now argues that he is entitled to an appeal out of time because he was denied effective assis-

tance of appellate counsel. Specifically, Petitioner appears to argue that his counsel's failure to file a brief is a sufficient basis upon which to consider Petitioner as having been constructively denied representation on appeal, triggering a presumption of prejudice and entitling him to a new appeal.

We note, however, that this Court affirmed Petitioner's conviction nearly thirty years ago and Petitioner discharged his sentence on the conviction approximately twenty-five years ago. This long period of time raises the question of whether the relief now sought by Petitioner is barred by laches.

■ In *Thomas v. State,* 675 P.2d 1016, 1021 (Okl.Cr.1984), cert. denied, 466 U.S. 942, 104 S.Ct. 1923, 80 L.Ed.2d 469 (1984), the appellant argued that his sentence was improperly enhanced by a prior conviction obtained against him in 1964. The appellant argued that he had been denied his right to appeal the 1964 conviction. The *Thomas* Court found that nineteen years had passed since the date of judgment and sentence in the 1964 case, but appellant had never filed an application for post-conviction relief concerning the lack of an appeal. Consequently, the *Thomas* Court held that appellant was barred from collaterally attacking the validity of the 1964 conviction in his direct appeal from his subsequent conviction. In appropriate situations, therefore, certain issues raised on direct appeal may be barred by laches.

■ In *In re Smith,* 339 P.2d 796 (Okl.Cr. 1959), the petitioner sought a writ of habeas corpus based on his contention that his constitutional rights were violated when he entered his pleas of guilty to two charges of murder because he had been indigent and had not been advised of his right to counsel at public expense. *Id.* at 798. The petitioner waited twenty-four years to seek relief. Concerning laches, the *Smith* Court stated:

We have said that where petition for habeas corpus is delayed for a period of time so long that minds of trial judge and court attendants become clouded by time and uncertainty as to what happened, or due to dislocation and death of witnesses, and loss of records, the rights sought to be asserted have become matters of speculation, right

for relief by habeas corpus may be lost by laches....

*Id.* at 799 (citations omitted). The *Smith* Court concluded that:

At all events, laches prevents consideration at this late date. If a new trial in each case was granted after over twenty-four years lapse of time, the probabilities would be that it would be impossible to find the persons with knowledge of the facts surrounding the deaths of the two persons petitioner was charged with murdering. One cannot sit by and wait until lapse of time handicaps or makes impossible the determination of the truth of a matter, before asserting his rights. This is in accordance with the uniform holding of this Court over a long period of years.

*Id.* *Accord In re Blair,* 344 P.2d 282, 284 (Okl.Cr.1959), cert. denied, 361 U.S. 939, 80 S.Ct. 383, 4 L.Ed.2d 359 (1960) ("even though a person may still be serving a sentence he can lose his right to successfully seek to overthrow the judgment and sentence on grounds as here, by laches.") Thus, an application for a writ of habeas corpus may be barred by laches. *See e.g., Berryhill v. Page,* 391 P.2d 909 (Okl.Cr.1964), cert. denied, 379 U.S. 883, 85 S.Ct. 152, 13 L.Ed.2d 89 (1964); *Ex parte Cole,* 89 Okla.Crim. 380, 208 P.2d 193 (1949); *Ex parte Matthews,* 85 Okla. Crim. 173, 186 P.2d 840 (1947), cert. denied, 333 U.S. 858, 68 S.Ct. 728, 92 L.Ed. 1138 (1948).

 Prior to the enactment of the Post–Conviction Procedure Act, 22 O.S. §§ 1080–89, in 1970, the writs of habeas corpus and coram nobis were the means available to collaterally attack a conviction. We note that in the federal courts the writ of habeas corpus may still be used for this purpose. We also note that the doctrine of laches is applicable to federal habeas corpus actions by means of legislative enactment. Specifically, Rule 9(a) of the *Rules Governing Section 2254 Cases in the United States District Courts,* 28 foll. § 2254, provides that:

A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.

Several federal circuit courts have utilized Rule 9(a) and held that habeas corpus relief, in a particular case, is barred by laches. *See e.g., Walton v. Attorney General of State of Alabama,* 986 F.2d 472 (11th Cir.1993); *Strahan v. Blackburn,* 750 F.2d 438 (5th Cir. 1985), cert. denied, 471 U.S. 1138, 105 S.Ct. 2683, 86 L.Ed.2d 700 (1985); *Terry v. Enomoto,* 723 F.2d 697 (9th Cir.1984), cert. denied, 469 U.S. 845, 105 S.Ct. 155, 83 L.Ed.2d 93 (1984); *Tippett v. Wyrick,* 680 F.2d 52 (8th Cir.1982), cert. denied, 459 U.S. 992, 103 S.Ct. 350, 74 L.Ed.2d 389 (1982); *Arnold v. Marshall,* 657 F.2d 83 (6th Cir.1981), cert. denied, 455 U.S. 922, 102 S.Ct. 1280, 71 L.Ed.2d 463 (1982); and *Honeycutt v. Ward,* 612 F.2d 36 (2d Cir.1979), cert. denied, 446 U.S. 985, 100 S.Ct. 2969, 64 L.Ed.2d 843 (1980).

We also note that the threshold burden placed upon the state to demonstrate actual prejudice by Rule 9(a) before the doctrine of laches may be triggered is not the law in Oklahoma and we decline to adopt any such requirement. *See e.g., Berryhill v. Page,* 391 P.2d 909, 910 (Okl.Cr.1964), cert. denied, 379 U.S. 883, 85 S.Ct. 152, 13 L.Ed.2d 89 (1964); *In re Smith,* 339 P.2d 796, 799 (Okl.Cr.1959).

 We hold, therefore, that the doctrine of laches has been and continues to be applicable, in appropriate cases, to collateral attacks upon convictions, whether by means of an extraordinary writ, as in former times, or by means of an application for post-conviction relief. Thus, the doctrine of laches may prohibit the consideration of an application for post-conviction relief where a petitioner has forfeited that right through his own inaction. Further, we wish to emphasize that the applicability of the doctrine of laches necessarily turns on the facts of each particular case.

In the present case, Petitioner has waited nearly thirty years after this Court affirmed his conviction to challenge the adequacy of the representation he received on appeal. We hold that Petitioner has sat on this issue

for a sufficiently long period of time such that he has forfeited his right to raise this issue in a post-conviction proceeding and consideration of this issue is now barred by laches.

**IT IS THEREFORE THE ORDER OF THIS COURT** that the order of the District Court denying Petitioner's application for post-conviction relief is **AFFIRMED.**

**IT IS SO ORDERED.**

/s/ Charles A. Johnson
Charles A. Johnson,
Presiding Judge

/s/ Charles S. Chapel
Charles S. Chapel,
Vice Presiding Judge

/s/ Gary L. Lumpkin
Gary L. Lumpkin,
Judge

/s/ Reta M. Strubhar
Reta M. Strubhar,
Judge

LANE, J., concurs in results.