**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 20, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAVID GORDON SMITH,

    Petitioner-Appellant,

v.

MIKE ADDISON, Warden

    Respondent-Appellee.

No. 09-5147
(D.C. No. 4:06-CV-00468-TCK-FHM)
(N.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **MURPHY, GORSUCH,** and **HOLMES,** Circuit Judges.

---

David Gordon Smith, an Oklahoma state prisoner, applies for a certificate

of appealability (COA) to challenge the district court's denial of his 28 U.S.C.

§ 2254 petition for a writ of habeas corpus. Because the district court correctly

concluded it was barred from reviewing Mr. Smith's habeas petition, we deny his

application for a COA and dismiss his appeal.

\* \* \*

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In September 1978, Mr. Smith and Jackie Ray Young robbed a tag agency in Catoosa, Oklahoma. When the police arrived on the scene, a gun fight ensued between the two robbers and Catoosa Police Chief J.B. Hamby. At some point during the shooting, Chief Hamby was fatally wounded and Mr. Young committed suicide. Mr. Smith was hit by one of Chief Hamby's shots, but he was able to flee the scene alive. A few hours later, police arrested Mr. Smith at a Tulsa hospital where he was receiving treatment for his wound.

The state charged Mr. Smith under the felony-murder doctrine for his role in Chief Hamby's death. In defense, Mr. Smith argued that he participated in the robbery under duress, claiming that Mr. Young had put a gun to his head and forced him to assist in the crime. The jury rejected this defense and convicted Mr. Smith of first degree felony murder. Mr. Smith was then sentenced to life in prison, in accord with the jury's recommendation. Mr. Smith appealed to the Oklahoma Court of Criminal Appeals (OCCA), and the OCCA affirmed his conviction and sentence.

Mr. Smith escaped from prison in 1985 and wasn't recaptured until 1993. Upon his return to prison, Mr. Smith filed a state Open Records Act request to obtain all the records possessed by prosecutors prior to his conviction. The information he received from this request, Mr. Smith claims, demonstrates that the "prosecutors withheld material exculpatory evidence," Pet. Br. at 3, and thereby violated his Fourteenth Amendment due process rights under *Brady v.*

*Maryland*, 373 U.S. 83, 87 (1963) ("[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment.").

In 1997, Mr. Smith presented his *Brady* claim in an application for post-conviction relief in state court. The state district court in Rogers County, Oklahoma denied his application, and Mr. Smith appealed to the OCCA. The OCCA applied the state law doctrine of laches and held that Mr. Smith had "forfeited consideration of his application for post-conviction relief through his own inaction" over the years since his conviction. R. Vol. III at 406.

Mr. Smith then filed his current federal habeas petition pursuant to 28 U.S.C. § 2254. The district court denied his petition, holding that it was barred from considering Mr. Smith's habeas claim because the OCCA denied the claim on independent and adequate state law grounds. *See D. Ct. Order* at 6-7. Mr. Smith now seeks to appeal the district court's denial of his § 2254 petition.

\* \* \*

Because he is in custody pursuant to the judgment of a state court, Mr. Smith must obtain a COA before pursuing his appeal. 28 U.S.C. 2253(c)(1)(A). We may issue a COA only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). And where, as here, the district court has dismissed the petition on procedural grounds, "without reaching the prisoner's underlying constitutional claim," a COA will not issue unless

"jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not debate the district court's ruling in this case, we deny Mr. Smith's request for a COA and dismiss his appeal.

Under long-settled doctrine, "[a] federal habeas court will not review a claim rejected by a state court if the decision of the state court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Beard v. Kindler*, 130 S. Ct. 612, 614 (2009) (internal quotation marks omitted). "The rule applies with equal force whether the state-law ground is substantive or procedural." *Lee v. Kemna*, 534 U.S. 362, 375 (2002). A state law ground "is 'independent' if it relies on state law, rather than federal law," and "is 'adequate' if it is firmly established and regularly followed," such that it does not raise any federal due process questions associated with erratically enforced laws. *Smith v. Workman*, 550 F.3d 1258, 1274 (10th Cir. 2008).[1]

---

[1] Before Congress amended 28 U.S.C. § 2254, through the Antiterrorism and Effective Death Penalty Act (AEDPA), the Supreme Court explained and defended this doctrine as "grounded in concerns of comity and federalism." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Some commentators have argued that the doctrine is now also a jurisdictional one grounded in the text of AEDPA. After all, they emphasize, § 2254 allows federal courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of *the Constitution or laws or treaties of the United States*," 28 U.S.C. § 2254(a) (emphasis added), and directs that a writ "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or

(continued...)

In this case, the district court correctly held that it was barred from reviewing Mr. Smith's habeas petition because the OCCA resolved his claim on an independent and adequate state law ground. The OCCA's decision was independent because it was based on the state law doctrine of laches, not on any federal law. And the doctrine of laches is adequate because it is both firmly established and regularly followed by the OCCA. *Thomas v. State*, 903 P.2d 328, 332 (Okla. Crim. App. 1995) ("[T]he doctrine of laches has been and continues to be applicable, in appropriate cases, to collateral attacks upon convictions . . . where petitioner has forfeited that right through his own inaction.").

Under this court's precedents, Mr. Smith could overcome the adequate and independent state law bar to review only by demonstrating "cause and prejudice or a fundamental miscarriage of justice." *Smith*, 550 F.3d at 1274.[2] This exception to the independent and adequate state ground doctrine, we are told, "shows due regard for States' finality and comity interests while ensuring that," as a matter of federal law, "fundamental fairness remains the central concern of

---

[1](...continued)
involved an unreasonable application of, clearly established *Federal law*, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1) (emphasis added). "If a state court decision is based on an 'adequate' and 'independent' state ground," these commentators argue, "there is no federal question to review." 2 Hertz & Liebman, *Federal Habeas Corpus Practice and Procedure* § 26.1 at 1257. Resolution of this question, however, is not material to our decision in this case.

[2] Though this exception was crafted before AEDPA, federal courts have continued to apply it after AEDPA's passage. *See, e.g.*, *Smith*, 550 F.3d at 1274.

the writ of habeas corpus." *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (internal quotation marks omitted). For a petitioner to show cause, however, he must demonstrate that "some objective factor external to the defense impeded [his] efforts to comply" with the state law. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). And for a petitioner to show prejudice, he must show that he suffered "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750. The fundamental miscarriage of justice exception, meanwhile, is "a narrow exception to the cause requirement where a constitutional violation has probably resulted in the conviction of one who is 'actually innocent' of the substantive offense." *Dretke*, 541 U.S. at 393 (internal quotation marks omitted).

Mr. Smith has not shown sufficient cause to excuse the independent and adequate state grounds bar here. As the district court noted, Mr. Smith's delay in pursuing his *Brady* claim is directly attributable to his escape from prison. Had he not escaped, Mr. Smith could've developed his claim in 1985, when Oklahoma passed its Open Records Act. Okla. Stat. tit. 51, § 24A.1 (effective Nov. 1, 1985). As it happened, though, Mr. Smith didn't seek the relevant records until 1994, once he had been returned to prison. And even then, Mr. Smith waited another three years after discovering the alleged *Brady* violation before filing his state petition for post-conviction relief. Because Mr. Smith cannot show cause, we need not address whether he has shown prejudice.

Neither has Mr. Smith demonstrated that failure to review his claim would result in a fundamental miscarriage of justice. Mr. Smith argues that the withheld evidence would have supported his duress defense. But that defense presents a *legal justification* for his conduct, not a claim of *factual innocence*. As we have previously explained, arguments premised on legal innocence alone do not satisfy the fundamental miscarriage of justice exception. *See Ellis v. Hargett*, 302 F.3d 1182, 1186 n.1 (10th Cir. 2002) (rejecting miscarriage of justice argument because it merely "assert[s] that [petitioner] is *legally* innocent because his conduct is justified or mitigated by the doctrines of self-defense or heat of passion"); *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000) ("Mr. Beavers does not claim that he is innocent of killing Raymond Matthews. Rather, he claims that he is not guilty of first degree murder because he was intoxicated and acted in self defense. However, these arguments go to legal innocence, as opposed to factual innocence."); *see also id.* ("The exception is intended for those rare situations 'where the State has convicted the wrong person of the crime.'" (quoting *Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995) (quoting *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992)))).

\* \* \*

For the foregoing reasons, the district court was indisputably correct in concluding it was barred from reviewing Mr. Smith's habeas petition.

Accordingly, we must deny Mr. Smith's application for a COA and dismiss his appeal.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge